J-S77002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERALD SMITH | |
| Appellant | No. 691 EDA 2012 |

Appeal from the PCRA Order entered January 23, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0312371-2006

BEFORE: STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 09, 2015**

Appellant, Gerald Smith, appeals from the January 23, 2012 order of the Court of Common Pleas of Philadelphia County, which denied his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. For the reasons stated below, we vacate the order and remand for proceedings consistent with this memorandum.

The trial court summarized the procedural background as follows:

> [Appellant] was tried before this [c]ourt and a jury on November 19-26, 2007, and was found guilty of third-degree murder, possession of an instrument of crime ("PIC") and recklessly endangering another person ("REAP"). On March 4, 2008, this [c]ourt sentenced [Appellant] to nine and one-half to twenty years incarceration for third-degree murder and one to two years incarceration for REAP, consecutive to the murder sentence, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

no further penalty for PIC, for an aggregate ten and one-half to twenty-two years incarceration and $3,000 in restitution.

Trial Court Opinion, 4/5/12, at 1. No direct appeal was filed.

On February 17, 2009, Appellant filed a timely *pro se* PCRA petition alleging ineffective assistance of trial counsel for failing to appeal his convictions. Contemporaneously, Appellant filed a *pro se* motion to obtain trial transcript. In response to the petition, the trial court appointed James Bruno, Esq. to represent Appellant in the PCRA proceedings. The procedural history from this point on is unclear. A review of the trial court docket reveals that on December 10, 2010, at a "hearing," counsel for Appellant and the Commonwealth agreed that an "evidentiary hearing" had to be held on this matter. Trial Court Docket Entry, 12/10/10. Apparently, this "evidentiary hearing" was continued several times. There is no indication, however, that any evidence was ever taken at any of these "hearings;" rather, it seems the trial court entertained oral argument from both counsel. On February 3, 2011, the trial court instructed Mr. Bruno to obtain a statement from Appellant "as to if and when he requested his [trial] lawyer to take an appeal, when, where and how." *Id.*, 02/03/11. Several continuances later, PCRA counsel for Appellant filed the requested statement.[1] On the same day, December 9, 2011, the trial court issued a

_____

[1] In relevant part, the statement reads as follows:

*(Footnote Continued Next Page)*

Notice under Rule 907 notifying Appellant of its intention to dismiss his PCRA petition. The trial court dismissed the petition on January 23, 2012. Appellant timely appealed.[2] In its Rule 1925(a) opinion the trial court explained the dismissal as follows: "The affidavit does not aver that [Appellant] requested counsel to file an appeal. This claim is without merit

_____
*(Footnote Continued)*

> After sentencing, I spoke to my [trial attorney] and we discussed appealing this matter. He advised me not to file an appeal.
>
> I was immediately taken back to prison and subsequently sent upstate. I contact[ed] my sister . . . and requested her that she contact [my trial attorney] because I was unable to contact him.
>
> I later learned that my sister contacted [my trial attorney] and was told that it was too late to file the appeal.

Verification, 12/7/11, at 2.

[2] Despite being so ordered by the trial court, Mr. Bruno did not file a Rule 1925(b) statement. Additionally, on appeal, Mr. Bruno failed to file a brief on behalf of Appellant. As a result, we remanded the matter to the trial court to determine whether counsel had abandoned Appellant. We reinstated the appeal upon counsel filing a belated brief. On March 25, 2013, Mr. Bruno petitioned this Court to allow him to withdraw from the case and remand to the trial for the appointment of new counsel following his temporary suspension from the practice of law. We granted Mr. Bruno's petition on April 10, 2013. After the trial court appointed new counsel, this Court granted new counsel's application to remand for the filing of a Rule 1925(b) statement and a supplemental opinion by the trial court. We granted the application on June 7, 2013. Appellant filed the Rule 1925(b) statement on June 11, 2013. Regarding the supplemental opinion, the record shows a document dated June 18, 2014 from the trial court stating that no supplemental opinion will be filed because the trial judge who presided over this case was no longer sitting as a Judge in Philadelphia County.

and counsel had a reasonable basis for his inaction." Trial Court Opinion, 4/5/12, at 3.

On appeal, Appellant claims trial counsel was ineffective for failing to file an appeal.

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013) (internal citations omitted).

> [A]ppellant is required to make the following showing in order to succeed with [a claim of ineffective assistance of counsel]: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of this test will cause the entire claim to fail. Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise.

*Id.* (internal citations omitted).

Without holding an evidentiary hearing, the trial court concluded trial counsel had a reasonable basis for his inaction because Appellant never asked his counsel to file the appeal. Trial Court Opinion, 4/5/12, at 3.

Even if we were to agree with the trial court that Appellant did not ask counsel to file an appeal that, alone, does not end the ineffective assistance of counsel analysis.

Ordinarily, an appellant must request an appeal before counsel will be found ineffective for failing to pursue an appeal. "Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. 1999), *appeal denied,* 563 Pa. 659, 759 A.2d 383 (2000).

The rule set out by *Knighten* was subsequently modified by more recent decisions, particularly *Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250, 1254–1255 (Pa. Super. 2001). These cases impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason for counsel to think that a defendant would want to appeal.[3] The failure to consult may excuse the defendant from

_____

[3] In *Touw*, we noted:

The [U.S. Supreme] Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." [*Flores–Ortega*, 528 U.S. at 478]. The Court continued:

> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

*Id.* The Court answered this question by holding:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal),

*(Footnote Continued Next Page)*

the obligation to request an appeal under **Knighten**, such that counsel could still be found to be ineffective in not filing an appeal even where the defendant did not request the appeal.

Pursuant to **Flores–Ortega** and **Touw**, counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

**McDermitt**, 66 A.3d at 814-15.

As in **Commonwealth v. Carter**, 21 A.3d 680 (Pa. Super. 2011),

[i]n this case, the PCRA court did not make—in fact, could not make—any factual findings regarding whether counsel adequately consulted with Appellant because it dismissed Appellant's PCRA petition without first holding an evidentiary hearing at which trial counsel could testify with regard to his communications with Appellant.  In doing so, the PCRA court erred.

_(Footnote Continued)_ ————————

or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

**Id.** at 480[.]  A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice.  The Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  **Id.** at 484[.]

**Touw**, 781 A.2d at 1254.

> . . . As stated in **Touw***,* a PCRA court must make factual findings regarding whether trial counsel adequately consulted with a criminal defendant regarding the advantages and disadvantages of filing an appeal. Of necessity, such factual findings must be based on testimony from trial counsel at an evidentiary hearing.

**Id.** at 684.

Here, Appellant does not state he requested his trial counsel to appeal his convictions. In fact, Appellant merely states that he intended to appeal. The question remains, however, whether trial counsel adequately consulted with Appellant regarding the appeal, and what transpired from that conversation. From Appellant's statement, it appears there was some discussion about the appeal. However, because the PCRA court did not hold a hearing on this matter, it is unclear whether the discussion constituted a consultation, and whether this consultation met the standards pronounced in **Flores—Ortega**, **supra**, and **Touw**, **supra**. Accordingly, we vacate the PCRA court's order and remand for a hearing.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015