J-S10028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERTO CALDERON | |
| Appellant | No. 1750 EDA 2014 |

Appeal from the PCRA Order entered May 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: 51-CP-CR-0007641-2007

BEFORE: GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 12, 2015**

Appellant, Roberto Calderon, appeals from the May 19, 2014 order of the Court of Common Pleas of Philadelphia County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

We summarized the relevant factual and procedural background of the instant matter in Appellant's *nunc pro tunc* direct appeal:

> On February 11, 2007, a large crowd of people was gathered at the 2800 block of Rosehill Street, Philadelphia, near [Appellant]'s residence. [Appellant] came out of his home with a loaded nine millimeter handgun and fired five shots towards the crowd. One of the gunshots hit Hector Lopez, Sr., in the chest, causing his death. Lopez's son saw [Appellant], who he knew as "B," fire

---

[*] Retired Senior Judge assigned to the Superior Court.

the handgun. An arrest warrant was issued for [Appellant]. After two months as a fugitive, he was apprehended on April 4, 2007. Upon his arrest, he gave a statement in Spanish to Philadelphia Police Officer Cruz, admitting he had a loaded nine millimeter handgun and that he fired it upwards towards the church. In his written statement, he maintained that he fired the gun up in the air. He also informed the police as to where he had hidden the gun.

On March 3, 2009, [Appellant] entered a negotiated guilty plea to the charges of third-degree murder and [possessing an instrument of crime ("PIC")]. Directly following the guilty plea proceeding, the trial court sentenced [Appellant] to a term of 15 to [3]0 years' imprisonment for the murder conviction and a concurrent term of two-and-one half to five years' incarceration for the PIC crime.

On March 13, 2009, [Appellant] through [new] defense counsel[1], provided the trial court with an unfiled copy of his post-sentence motion to withdraw his guilty plea. The Commonwealth responded to the motion. A hearing was originally scheduled for April 17, 2009 but was continued several times due to clerical error, a scheduling conflict, and defense counsel's failure to appear. The hearing was eventually set for June 25, 2009. On that date, the court denied the post-sentence motion without a hearing when defense counsel again failed to appear.

[Appellant] filed a notice of appeal but this Court dismissed the appeal on November 23, 2009 because he failed to file a brief in conformity with the docketing schedule. On February 8, 2010, [Appellant] filed a [PCRA] petition, alleging ineffective assistance of counsel. On March 30, 2010, the court reinstated his direct appeal rights *nunc pro tunc*. . . .

*Commonwealth v. Calderon*, No. 883 EDA 2010, unpublished

memorandum at 1-2 (Pa. Super. filed March 14, 2011) (footnotes omitted).

---

[1] *See* Trial Court Opinion, 8/11/14, at 1.

On direct appeal, Appellant argued that the trial court "erred in denying his post-sentence motion to withdraw his guilty plea for the following reasons: (1) he did not knowingly and voluntarily enter his negotiated guilty plea based on translator error and (2) the court failed to inquire as to whether he understood and voluntarily pled guilty." *Id.* at 3-4. Upon review, we found these two issues waived because Appellant failed to preserve them by "objecting at the sentence colloquy or otherwise raising the issues at the sentencing hearing or through a post-sentence motion." *Id.* at 4. We nonetheless also concluded these claims were meritless because Appellant "was provided an official Spanish interpreter, who was sworn in during his guilty plea hearing. A review of the guilty plea proceeding and his written guilty plea colloquy reveals that based on the totality of the circumstances, he entered a voluntary, knowing, and intelligent plea." *Id.* at n.7 (citation omitted). Finally, we declined to address Appellant's claim of ineffective assistance of counsel (plea counsel) and deferred it until collateral review. *Id.* at 5.

On April 20, 2011, Appellant *pro se* filed a PCRA petition. After the PCRA court appointed new counsel (current counsel), Appellant filed an Amended PCRA petition "aver[ring] [Appellant] is actually innocent, his guilty plea was unlawfully induced by plea counsel, and the guilty plea was not entered knowingly, intelligently, and voluntarily." Trial Court Opinion,

- 3 -

8/11/14, at 3.[2]  The Commonwealth filed a motion to dismiss Appellant's

Amended PCRA petition.  In response to these filings, the PCRA court

scheduled a hearing for March 17, 2014.  "However, neither [Appellant] nor

the Commonwealth wished to present any evidence or argument.  Therefore,

the [PCRA court] ruled based upon the parties' written submissions."  *Id.* at

3.  The same day, the PCRA court issued a notice of intent to dismiss the

PCRA petition pursuant to Pa.R.Crim.P. 907.  Subsequently, Appellant filed a

*pro se* response.  The court dismissed the PCRA petition on May 19, 2014.

This appeal followed.  Both the PCRA court and Appellant complied with

Pa.R.A.P.1925.[3]

_____

[2] A review of Appellant's Amended PCRA petition reveals no discussion whatsoever of any of the alleged grounds (namely, violation of state and/or federal constitutions, ineffective assistance of counsel, and guilty plea unlawfully induced) for entitlement to PCRA relief.  *See* Amended Post-Conviction Relief Act Petition, 9/14/12, at 1-2.

[3] In his Rule 1925(b) statement, Appellant raised the following claim:

> The [PCRA court] erred when it dismissed [Appellant]'s Amended PCRA Petition without a hearing and where [Appellant] properly pled, and would have been able to prove that he was entitled to PCRA relief because his guilty plea was unlawfully induced by counsel and that the plea was not entered in a knowing, intelligent and voluntary fashion.

Appellant's Rule 1925(b) statement.  This statement is premised on a factual misstatement, *i.e.*, the PCRA court denied relief without a hearing. Appellant ignores that he did not wish to present evidence or argument at a hearing specifically set for addressing Appellant's claims.  Instead, he requested the matter be decided by the PCRA court based on the parties' filings.  *See* Trial Court Opinion, 8/11/14, at 3.

On appeal, Appellant raises the following issue for our review: "Did the Honorable PCRA Court err when it dismissed [Appellant]'s Amended PCRA Petition without granting relief?"[4]  Appellant's Brief at 3.[5]  In the Summary of the Argument section of his brief, Appellant summarized the sole issue presented for our review as follows:  "[Appellant] properly pled, and actually proved, that he was entitled to relief in the form of permission to withdraw Guilty Plea and to proceed to trial.  The issue was not waived and the claims were not refuted by the Commonwealth."  *Id.* at 6.  In essence, therefore, Appellant is challenging, once again, the trial court's denial of his post-sentence motion to withdraw his guilty plea.

Even a cursory review of the record reveals the claim is waived, litigated, and/or meritless.  This Court addressed this same issue on direct

---

[4] Our "standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  *Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013) (internal citations omitted).

[5] The purpose of the statement of questions involved is to define the issue or issues to be addressed by this Court.  An overbroad allegation of error, without any specificity, like the instant one, generally results in a waiver.  *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also Commonwealth v. Fremd*, 860 A.2d 515, 523-24 (Pa. Super. 2004) ("In his brief, appellant also argues that the police conduct was so outrageous as to bar conviction even if entrapment is not found.  Appellant failed to raise this issue in the 'Statement of Questions Involved' portion of his appellate brief and it is, therefore, waived.")

appeal. On direct appeal we found the claims pertaining to the guilty plea as not being intelligently, knowingly, and voluntarily entered were waived. *See Calderon*, No. 883 EDA 2014, at 4. We also found the claim to be meritless. *Id.*

Similarly, the PCRA court noted that Appellant waived this claim for failure to properly raise it on direct appeal, *see* Trial Court Opinion, 8/11/14, at 5-6, and, to the extent it could be deemed properly raised, it was nonetheless meritless because Appellant "was provided an official and duly sworn-in Spanish interpreter[,] and based on the totality of circumstances, [Appellant] entered a knowing, intelligent, and voluntary guilty plea." *Id.* at 6.

In the argument section of his brief, Appellant argues the trial court's analysis is misplaced because it incorrectly assumes Appellant raised here the same issue he raised on direct appeal. Appellant argues that in this appeal he is raising a claim of ineffective assistance of plea counsel in connection with the plea, *i.e.*, "whether trial counsel was requested to file a Motion to Withdraw the Guilty Plea, and . . . whether he ignored the request." Appellant's Brief at 8. Once again, even a cursory review of the brief belies the argument.

As noted above, in the statement of questions involved on appeal Appellant nowhere raised a claim for ineffective assistance of counsel.

Appellant raises it in the argument section, which is insufficient for appellate review. *See* Pa.R.A.P. 2116; *see also Fremd*, *supra*.

Even if we were to overlook Appellant's failure to comply with Rule 2116, Appellant fails to provide any analysis on any of the three prongs for an ineffectiveness review.[6]  This, alone, is sufficient for concluding the issue is waived for failing to adequately develop this claim.  *Commonwealth v. Reyes-Rodriguez*, --- A.3d ----, 2015 WL 1068995, at *3 (Pa. Super. March 11, 2015) (failure to adequately develop argument results in waiver).

Even if we were to conclude the claim is preserved for appellate review, the claim nonetheless fails.  Appellant states—again, in the argument section—that he pled and proved that plea counsel was ineffective for failing to

> object to the Guilty Plea and all where [Appellant] did not have the necessary information upon which to base the plea.  [Appellant] clearly claimed through his pro se and amended petitions that he did not

---

[6] It is well-established that

> [A]ppellant is required to make the following showing in order to succeed with [a claim of ineffective assistance of counsel]: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.  The failure to satisfy any prong of this test will cause the entire claim to fail.  Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise.

*McDermitt*, 66 A.3d 810, 813 (internal citations omitted).

know what he was doing at the time of the plea and further claimed
. . . that [he] wanted the plea withdrawn.

Appellant's Brief at 9. As noted, earlier in his brief, Appellant also argued
plea counsel was ineffective because he did not pursue his request to
withdraw his guilty plea. *Id.* at 8.

Appellant apparently believes he was able to plead and prove counsel's
ineffectiveness despite the fact he declined to present any evidence or
argument on this matter.[7] We cannot agree. Appellant, in fact, failed to
plead and prove, *inter alia*, he suffered prejudice from the alleged
ineffectiveness. As the PCRA court noted, "[Appellant]'s Amended PCRA
Petition completely ignores the fact a [timely] post-sentence motion to
withdraw the guilty plea was filed on behalf of [Appellant], the trial court
denied the motion, the matter was raised on direct appeal, and the Superior
Court affirmed the judgment of sentence."[8] Trial Court Opinion, 8/11/14, at
3; *see also Calderon*, No. 883 EDA 2010, at 2-3.

---

[7] Interestingly, Appellant couches this fact as follows: "From the record it
**appears** that the parties submitted this matter to the [PCRA court] on the
papers. Thus, the written submission substituted for a hearing." Appellant's
Brief at 7 (emphasis added). It is unclear how it would only "appear" that
the matter was decided on the filings. Appellant does not mention the fact
he declined to present evidence or argument on counsel's ineffectiveness
despite the fact the PCRA court scheduled a hearing on this matter. It is
much more than an appearance; it is a fact that Appellant declined to
present evidence and argument at the scheduled hearing.

[8] Similarly, Appellant ignores this fact in his appellate brief.

Finally, Appellant also states that "the Commonwealth could not and did not refute those claims." Appellant's Brief at 9. The legal relevance of this allegation is unclear, nor does Appellant provide any authority for the point he is intending to make. We merely note that Appellant seems to ignore that the burden is on **Appellant** to prove by a preponderance of the evidence that he was entitled to relief. *See*, *e.g.*, 42 Pa.C.S.A. § 9543(a). The Commonwealth's alleged failure to refute these allegations does not entitle Appellant to relief.

In light of the foregoing, we conclude the PCRA court properly denied Appellant's Amended PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015