J-S10043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FERNANDO FLORES, | |
| Appellant | No. 2480 EDA 2015 |

Appeal from the PCRA Order July 6, 2015
in the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0001629-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 02, 2016**

Appellant, Fernando Flores, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims that plea counsel was ineffective in failing to consult with him as to whether he wished to file a direct appeal.  We affirm.

This case arises from Appellant's sexual abuse of his adopted daughter, while she was between the ages of thirteen and fifteen years old. The PCRA court aptly summarized the relevant factual and procedural history as follows:

> On June 2[6], 2013, a criminal information was filed against [Appellant] charging him with fifteen (15) counts of rape (F1); fifteen (15) counts of statutory sexual assault (F2); fifteen

_____

[*] Retired Senior Judge assigned to the Superior Court.

(15) counts of sexual assault (F2); fifteen (15) counts of aggravated indecent assault of a victim less than 16 years of age (F2); fifteen (15) counts of incest (F2); and fifteen counts of endangering the welfare of children by a parent or guardian (F3).

On September 6, 2013, [Appellant], represented by Attorney Michael McGinley, entered into a negotiated guilty plea with the Commonwealth, wherein [Appellant] pled guilty to eight (8) counts of sexual assault, and in exchange, the Commonwealth withdrew the remaining charges. Pursuant to the entry of the aforementioned plea, [Appellant] executed a written guilty plea colloquy, a written post-sentencing rights colloquy, and he received an oral colloquy during which he was informed of his right to file a direct appeal. After accepting the plea as knowing and voluntary, the court ordered a pre-sentence investigation and the performance of an evaluation by the Sexual Offender Assessment Board for a determination as to whether [Appellant] qualified as a sexually violent predator under SORNA.[1]

After the court's receipt and review of the aforementioned evaluations, [Appellant] appeared for sentencing on December 5, 2013, at which time he received a standard range sentence of fifty-four (54) months to one hundred twenty (120) months in a state correctional institution [on each count]. Each of the eight (8) counts of sexual assault were to be served consecutively to the other counts, for an aggregate term of thirty-six (36) to eighty (80) years of incarceration. After the court announced the sentence, [Appellant] was made aware of his appellate rights, and his written acknowledgement of such rights was made a part of the record.

On October 17, 2014, [Appellant] filed a *pro se* PCRA petition, wherein he alleged (1) ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; and (2) the imposition of a sentence greater than the lawful

_____

[1] Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10—9799.41.

maximum. On October 28, 2014, this court granted [Appellant] a PCRA issue framing conference and appointed Robert Sletvold, Esquire, as [Appellant's] PCRA counsel.

On April 22, 2015, this court held a hearing on [Appellant's] PCRA petition wherein both [Appellant] and Attorney McGinley testified regarding the issue of whether [Appellant] requested Attorney McGinley to file a direct appeal of this court's December 5, 2013 sentence. After the hearing, this court granted the parties three (3) weeks thereafter to file briefs in support of their positions. . . .

(PCRA Court Opinion, 7/06/15, at 1-3) (record citations, footnotes and some capitalization omitted).

On July 6, 2015, the court entered its order and opinion dismissing the PCRA petition. This timely appeal followed.[2]

Appellant raises one issue for our review: "Whether the PCRA [c]ourt erred by finding that counsel was not ineffective for failing to consult with [Appellant] regarding his desire to appeal the sentence and to take that appeal?" (Appellant's Brief, at 6). Appellant argues that counsel failed to make a reasonable effort to consult with him to discover his wishes regarding a direct appeal. (*See id.* at 10-11). Appellant also maintains that he attempted to write counsel letters from prison, but that his ability to request an appeal was hampered by his placement in a restrictive housing unit. (*See id.*). This issue does not merit relief.

---

[2] Although the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, he filed a statement on July 24, 2015. *See* Pa.R.A.P. 1925(b). On July 31, 2015, the court filed a Rule 1925(a) statement relying on its opinion entered July 6, 2015 for its reasons for dismissing the PCRA petition. *See* Pa.R.A.P. 1925(a).

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

To prevail on a petition for PCRA relief on grounds of ineffective assistance of counsel, a petitioner must plead and prove, by a preponderance of the evidence:

(2) That the conviction or sentence resulted from . . . :

\* \* \*

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2)(ii).

An appellant must demonstrate "(1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013) (citation omitted). "The failure to satisfy any prong of this test will cause the entire claim to fail." *Id.* (citation

omitted). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-80 (Pa. Super. 2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015) (citations omitted).

"Ordinarily, . . . [b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *McDermitt*, *supra* at 814 (citation and internal quotation mark omitted). In addition,

> counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 815 (citations omitted).

Here, plea counsel testified that, before the trial court sentenced Appellant, he met with Appellant to discuss appellate options if he were dissatisfied with the sentence. (*See* N.T. PCRA Hearing, 4/22/15, at 24). After the court imposed sentence, counsel and Appellant again discussed appellate options and counsel advised: "I want you to go back and think about [the sentence]. If you do want to appeal, if you want a reconsideration [of sentence], go through any of the things that we talked about, let me know, give me a phone call, write me a letter, anything like that." (*Id.* at 24-25; *see id.* at 27). After sentencing, counsel received

only one phone call, from a friend of Appellant, and the friend did not ask him to visit Appellant or indicate that Appellant wished to file an appeal. (*See id.* at 25). Counsel further testified that, although Appellant had been very communicative in the past, he received only one single-paragraph letter from Appellant following sentencing; in the letter, Appellant simply thanked him for his representation and did not mention an appeal. (*See id.* at 23, 27-28).

Appellant's testimony at the PCRA hearing confirmed that, after the court sentenced him, counsel specifically asked him if he wanted file any post-sentence motions or a direct appeal. (*See id.* at 12, 16). Appellant acknowledged that he did not ask counsel to file an appeal at that time. (*See id.* at 6, 12, 16). Although Appellant testified that he subsequently attempted to communicate his dissatisfaction with his sentence by mailing three letters to counsel,[3] the PCRA court credited counsel's testimony that he received only one letter from Appellant thanking him for his services. (*See id.* at 6-7, 13; PCRA Ct. Op., at 7-9).

_____

[3] At the hearing, Appellant offered purported copies of the letters he sent to counsel indicating that he wished to file a petition seeking a reduction in his sentence. (*See* PCRA Ct. Op., at 8 n.10; *see also* N.T. PCRA Hearing, at 8, 13). However, the documents he offered were not photocopies of letters, but were alleged replicas that he copied by hand verbatim after he wrote the original letters. (*See* PCRA Ct. Op., at 8 n.10; *see also* N.T. PCRA Hearing, at 8-9, 12-14).

After review of the record, viewed in the light most favorable to the Commonwealth as the prevailing party, and mindful that we are bound by the PCRA court's supported credibility determinations, we conclude that the court did not err in determining Appellant failed to meet his burden of proving ineffectiveness of counsel. *See Reyes-Rodriguez*, *supra* at 779-80; *Miller*, *supra* at 992. The record reflects that counsel **did** consult with Appellant regarding a direct appeal following sentencing; that Appellant declined to file an appeal at that time; and that Appellant failed to contact counsel to indicate his desire to challenge the sentence, despite his history of communicativeness and demonstrated ability to contact counsel post-sentencing. *See McDermitt*, *supra* at 815. Therefore, Appellant's sole issue on appeal does not merit relief. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2016