J-S11017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KALIN PRATT | |
| Appellant | No. 565 EDA 2015 |

Appeal from the PCRA Order January 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004280-2010

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2016**

Kalin Pratt appeals, *pro se*, from the order entered January 21, 2015, in the Philadelphia County Court of Common Pleas dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Pratt seeks relief from the judgment of sentence of an aggregate 20 to 40 years' imprisonment, imposed following his guilty plea to charges of third degree murder, robbery, criminal conspiracy, aggravated assault, and carrying a firearm without a license.[1]  On appeal, Pratt contends plea counsel was ineffective for failing to file a direct appeal. For the reasons that follow, we affirm.

---

[1] 18 Pa.C.S. §§ 2502(c), 903, 2701(a)(1), 2702, and 6106, respectively.

The facts underlying Pratt's arrest, including an inculpatory statement he made to police, were detailed by the Commonwealth during Pratt's guilty plea hearing. *See* N.T., 5/2/2011, at 33-52. For purposes of this appeal, we need not recite them herein. In summary, Pratt and a group of friends were involved in a gunpoint robbery of two people that ended in the death of one of the victims. On May 2, 2011, Pratt entered a negotiated guilty plea to the charges set forth above, in exchange for which the Commonwealth agreed to a recommended sentence of not more than 20 to 40 years' imprisonment.[2] Thereafter, on May 6, 2011, the trial court imposed the negotiated sentence.[3] No direct appeal was filed.

On May 7, 2012, Pratt filed a timely *pro se* PCRA petition asserting plea counsel's ineffectiveness for coercing him into entering a guilty plea. PCRA counsel was appointed, and on November 3, 2014, filed a *Turner*/*Finley*[4] "no merit" letter and request to withdraw. On December 15, 2014, the PCRA court notified Pratt of its intent to dismiss the petition,

_____

[2] We note that, according to the PCRA court, the purported shooter in the group, co-defendant James "Jazz" Alston, was acquitted by a jury of all charges on May 5, 2011. *See* PCRA Court Opinion, 7/20/2015, at n.1.

[3] Specifcally, Pratt was sentenced to a term of 20 to 40 years' imprisonment for third degree murder, and concurrent terms of 10 to 20 years' imprisonment for the charges of robbery and criminal conspiracy. No further penalty was imposed on the remaining charges.

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)

pursuant to Pa.R.Crim.P. 907, without first conducting an evidentiary hearing. Thereafter, the court entered an order on January 14, 2015, dismissing Pratt's petition, and granting counsel's motion to withdraw. That same day, Pratt's *pro se* response to the court's Rule 907 notice was docketed. In his response, Pratt asserted counsel was ineffective for failing to file a direct appeal. On January 21, 2015, the PCRA court entered a revised order, reflecting that Pratt had 30 days to file an appeal. This timely *pro se* appeal followed.

On appeal, Pratt asserts the PCRA court erred when it denied "his constitutional rights to file an appeal." Pratt's Brief at 6.

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Furthermore, a PCRA court "has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted), *cert. denied*, 135 S.Ct. 56 (U.S. 2014).

Pratt's claim, though poorly drafted, asserts plea counsel's ineffectiveness for failing to file a direct appeal. "[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The Supreme Court has held "[w]here a defendant clearly asks for an appeal and counsel fails to file one, a presumption of prejudice arises regardless of the merits of the underlying issues." **Commonwealth v. Donaghy**, 33 A.3d 12, 15 (Pa. Super. 2011) (citation omitted), *appeal denied*, 40 A.3d 120 (Pa. 2012).

We find no relief is warranted. First, Pratt did not include this claim in his *pro se* PCRA petition, but raised it for the first time in his response to the court's Rule 907 notice. Furthermore, he did not seek permission to amend his petition. For that reason, we could consider the issue waived. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (claims raised for the first time in response to the court's notice of dismissal are not preserved for review unless petitioner seeks, and the PCRA court grants, permission to file amended petition), *appeal denied*, 64 A.3d 631 (Pa. 2013).

We note, however, that PCRA counsel addressed this claim in his "no merit" letter. Presumably, therefore, Pratt alerted counsel to the issue. **See** No Merit Letter, 11/3/2014, at 4 ("The Petitoner's final contention is that his attorney was ineffective for not filing an appeal.").

Nevertheless, Pratt failed to assert before the PCRA court that he requested counsel to file an appeal, and counsel ignored that request. Indeed, counsel, in his "no merit" letter, cites this fact as that basis for his conclusion that the claim is meritless. Counsel explains:

> [Pratt] has offered no proof that he asked for an appeal. In his correspondence he does not indicate where, when or how he requested an appeal. He provides no letter to his attorney requesting an appeal. … Because I see no evidence that he asked his attorney to file a petition to withdraw or to file a notice of appeal, it is my opinion that this claim is without merit[.]

*Id.* at 4-5.

It is the responsibility of the petitioner to plead and prove his eligibility for relief,[5] as well as demonstrate to the PCRA court the need for an evidentiary hearing. Pratt has failed to do so in the present case and, is, therefore, entitled to no relief.[6]

_____

[5] *See* 42 Pa.C.S. § 9543(a).

[6] We note our review reveals no basis to conclude plea counsel had any reason to suspect Pratt wanted to appeal his sentence, so as to invoke his duty to consult further with Pratt under *Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. 2001) (holding counsel has constitutional duty to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."). The record reveals Pratt voluntarily entered a negotiated guilty plea, and was sentenced in accordance with the plea agreement. *See Commonwealth v. McDermitt*, 66 A.3d 810, 815 (Pa. Super. 2013) (finding PCRA court was not required to conduct evidentiary hearing to examine the nature of counsel's consultation regarding appeal with defendant; because defendant entered no contest plea, he could only challenge the "jurisdiction of the trial court, the validity of the plea, and the
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2016

---

*(Footnote Continued)* ─────────

legality of the sentence" and there was "nothing of record that would indicate to counsel that appellant might want to appeal because appellant was the recipient of a generous plea bargain.").