**COMMONWEALTH of Pennsylvania**

v.

**Peter McDERMITT,[1] Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 2013.

Filed May 13, 2013.

---

1. Appearing from pleadings filed by appellant, his last name is actually spelled "McDermott." Nonetheless, we have maintained the usage that has become attached to the official record in this case.

Richard T. Brown, Jr., Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS and MUSMANNO, JJ.

2. The notice of appeal was filed July 5, 2011. We note that Saturday, July 2, Sunday, July 3, and Monday, July 4, 2011, Independence Day,

OPINION BY FORD ELLIOTT, P.J.E.:

Appellant appeals the order entered June 2, 2011 which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. Finding no error, we affirm the order below.

On July 13, 2009, appellant entered a negotiated plea of no contest to a charge of possession of a controlled substance with intent to deliver. Immediately thereafter, the court imposed the negotiated sentence of three years' probation. During the plea, appellant was informed that the conviction rendered him deportable and the court was informed that appellant was already voluntarily going through the channels of deportation. (Notes of testimony, 7/13/09 at 14.)

Thereafter, no direct appeal was filed. On August 10, 2010, appellant filed a counseled PCRA petition. On March 15, 2011, the Commonwealth filed a motion to dismiss the petition. On April 19, 2011, the PCRA court entered an order, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss the petition without evidentiary hearing. As noted, appellant's petition was dismissed on June 2, 2011, and appellant now brings this timely appeal.[2]

Appellant raises the following issues on appeal:

1. Did the court err in denying the PCRA petition without an evidentiary hearing, despite Mr. McDermott's verified claims regarding plea counsel's ineffective assistance up to the plea colloquy, as set forth in subparagraphs 2(A)-(D) of the August 10, 2010, PCRA petition?

are all excluded from the computation of the 30-day appeal period. 1 Pa.C.S.A. § 1908.

2. Did the court err in denying the PCRA petition without a hearing despite Mr. McDermott's verified claims regarding the certain (not merely possible) deportation consequences of a PWID conviction, as set forth in subparagraph 2(E) of the August 10, 2010, PCRA petition (see *Padilla v. Kentucky,* 559 U.S. 356 [130 S.Ct. 1473, 176 L.Ed.2d 284] (March 31, 2010))?

3. Did the court err in denying the PCRA petition without an evidentiary hearing, despite Mr. McDermott's verified claims regarding the failure to conduct a *Flores–Ortega* consultation, as set forth in subparagraph 2(F) of the August 10, 2010, PCRA petition (see *Roe v. Flores–Ortega,* 528 U.S. 470 [120 S.Ct. 1029, 145 L.Ed.2d 985] (2000))?

4. Did the court err in denying the PCRA petition without a hearing despite Mr. McDermott's verified claims regarding the failure to preserve other claims, as set forth in subparagraphs 2(G)(H) of the August 10, 2010, PCRA petition?

Appellant's brief at 2.

■ Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin,* 990 A.2d 795, 797 (Pa.Super.2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

■ Moreover, as some of appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Rivera,* 10 A.3d 1276, 1279 (Pa.Super.2010). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Daniels,* 947 A.2d 795, 798 (Pa.Super.2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. *Commonwealth v. Pond,* 846 A.2d 699, 708 (Pa.Super.2003).

In his first issue, appellant complains that counsel was ineffective in failing to conduct an adequate pre-trial investigation. We begin by noting that the one-paragraph argument devoted to this issue in appellant's brief is itself woefully inadequate to address this matter. Moreover, even with reference to appellant's PCRA petition, the argument is inadequately drawn.

■ Appellant's petition complains that counsel failed to determine whether there was a copy of the pre-recorded buy money, whether police had a valid and sufficiently particular warrant, whether the seizure analysis had been completed, and in failing to call two witnesses who were present at the appellant's arrest. These assertions fail to reveal any prejudice to appellant. Appellant fails to describe the importance of a copy of the pre-recorded buy money. If the warrant was insufficient, appellant needed to relate how it was insufficient. If the seizure analysis was not conducted, or was negative, appellant needed to aver the same. Finally, appellant's petition contained no description as to what the proposed witnesses would have testified. Appellant's other assertions are equally undeveloped.

■ Appellant's petition further complains that counsel failed to move to compel the production of the confidential informant. However, appellant fails to explain or even hint as to how the identity of the informant could have aided him. Next, appellant claims that counsel failed to file a motion to suppress evidence, but then fails to indicate what evidence was subject to suppression and why. Last, appellant claims counsel failed to object to deficiencies in the plea colloquy, but does not list those deficiencies.[3] "[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." *Commonwealth v. Clayton*, 572 Pa. 395, 402, 816 A.2d 217, 221 (2002). That is certainly the situation here.

In his second argument, appellant argues that his plea was involuntary because counsel ineffectively gave him inadequate advice as to his deportation risk, informing appellant that his conviction rendered him merely "deportable." (Notes of testimony, 7/13/09 at 14.) According to appellant, counsel needed to inform him not just that his conviction carried a risk of deportation, but that he actually would be deported. Appellant cites to *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) in support of this proposition. We will quote that case's actual holding to refute appellant:

It is our responsibility under the Constitution to ensure that no criminal defendant—whether a citizen or not—is left to the "mercies of incompetent counsel." [*McMann v.*] *Richardson*, 397 U.S. [759], at 771, 90 S.Ct. 1441 [25 L.Ed.2d 763 (1970)]. To satisfy this

responsibility, we now hold that *counsel must inform her client whether his plea carries a risk of deportation.* Our long-standing Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less.

*Padilla*, 559 U.S. at ——, 130 S.Ct. at 1486 (emphasis added).

■ Clearly, *Padilla* requires counsel to inform a defendant as to a risk of deportation, not as to its certainty. Moreover, even if *Padilla* required such information, it was not necessary in this case. At the time of his plea, appellant was already undergoing deportation and was well aware that he would be deported. (Notes of testimony, 7/13/09 at 14.)

In his third argument, appellant complains that counsel was ineffective in failing to consult with him as to whether he wished to file an appeal. Ordinarily, an appellant must request an appeal before counsel will be found ineffective for failing to pursue an appeal. "Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa.Super.1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

■ The rule set out by *Knighten* was subsequently modified by more recent decisions, particularly *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and its Pennsylvania

---

**3.** Appellant did broadly aver that the plea was deficient in failing to specify the consequences of a no contest plea. Such a claim is specious. The trial court explained to appellant at length that he was giving up his right to pre-trial motions, trial by jury and the presumption of innocence, and that after such a plea, his appeal issues would be limited to the jurisdiction of the court, the legality of the sentence, the voluntariness of the plea, and the effectiveness of counsel. (Notes of testimony, 7/13/09 at 3–6).

expression, *Commonwealth v. Touw*, 781 A.2d 1250, 1254–1255 (Pa.Super.2001). These cases impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason for counsel to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal under *Knighten,* such that counsel could still be found to be ineffective in not filing an appeal even where the defendant did not request the appeal.

 Pursuant to *Flores–Ortega* and *Touw,* counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Citing *Commonwealth v. Carter*, 21 A.3d 680, 684 (Pa.Super.2011), appellant argues that such a determination cannot be made without an evidentiary hearing:

> In this case, the PCRA court did not make—in fact, could not make—any factual findings regarding whether counsel adequately consulted with Appellant because it dismissed Appellant's PCRA petition without first holding an evidentiary hearing at which trial counsel could testify with regard to his communications with Appellant. In doing so, the PCRA court erred.

> By denying a hearing, the PCRA court first concluded that Appellant did not establish that a hearing was warranted because a letter received from trial counsel neither stated or implied that trial counsel failed to consult with Appellant, and Appellant did not certify trial counsel as a proposed witness within his PCRA petition. We cannot agree.

> As stated in *Touw,* a PCRA court must make factual findings regarding whether trial counsel adequately consulted with a criminal defendant regarding the advantages and disadvantages of filing an appeal. Of necessity, such factual findings must be based on testimony from trial counsel at an evidentiary hearing.

*Carter,* 21 A.3d at 684.

We find *Carter* to be distinguishable. The appellant in *Carter* was found guilty following a bench trial and was sentenced to three to six years' imprisonment. Under such circumstances, it would be reasonable to think that appellant might wish to appeal. Therefore, the *Carter* court proceeded to the next stage of the analysis which was the quality of the consultation. The court could not complete its analysis because there was no evidentiary findings as to the quality of the consultation. Instantly, however, we do not reach that point of the analysis.

 In the case before us now, appellant had just pleaded no contest, was sentenced to a very lenient term of three years' probation, and was voluntarily proceeding through deportation. There was nothing of record that would indicate to counsel that appellant might want to appeal because appellant was the recipient of a generous plea bargain. Further, the issues that may be raised following a no contest plea are the jurisdiction of the trial court, the validity of the plea, and the legality of the sentence. *Commonwealth v. Kraft,* 739 A.2d 1063, 1064–1065 (Pa.Super.1999). We see no possible appeal issue among those areas. Thus, counsel had no duty to consult under *Flores–Ortega* or *Touw.* There was no need to conduct an evidentiary hearing to examine the nature of the consultation.

 In his fourth and final issue, appellant argues that counsel was ineffec-

tive in failing to move to withdraw appellant's plea to preserve his claims. Appellant's inadequate one-sentence argument fails to indicate any basis for withdrawing appellant's plea. Moreover, we find that counsel had a valid strategy for not withdrawing the plea. Simply stated, counsel secured appellant a deal under which appellant would not face any incarceration. Since counsel's actions supported a valid strategy, he cannot be found ineffective in this regard. There is no merit here.

Accordingly, having found no merit in appellant's issues on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.