J-S49008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JARDIAN CAOH, | |
| Appellant | No. 2505 EDA 2013 |

Appeal from the PCRA Order of August 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005412-2011

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:          **FILED SEPTEMBER 23, 2014**

Appellant, Jardian Caoh, appeals from the order entered on August 28, 2013, denying relief on his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The facts of this case, as aptly summarized by the PCRA court, are as follows:

> At approximately 7:30 p.m. on February 24, 2011, police conducted an undercover surveillance of the 2000 block of West Seybert Street in Philadelphia.  Over the course of one hour, police saw [Appellant] engaged in six drug sales.  In each case, the buyer approached [Appellant], engaged him in brief conversation and handed him U.S. currency.  [Appellant] then went to a vacant lot on the north side of Seybert Street, bent down, picked up a clear plastic bag from a nearby tree, removed small items from it and handed the items to the buyer.  Police stopped each individual that engaged in a transaction with [Appellant] and recovered various packets of crack cocaine.  [Appellant] was arrested with $158[.00] on his person.

PCRA Court Opinion, 12/26/2013, at 2 (record citations omitted).

Procedurally, the case progressed as follows:

> On December 9, 2011, before the Honorable Carolyn Engel Temin, the now retired judge of the Court of Common Pleas, [Appellant] entered into a negotiated plea to the charges of possession with intent to deliver [a controlled substance] (PWID)[1] and conspiracy.[2] Accordingly, Judge Temin sentenced [Appellant] to three (3) to twenty-three (23) months of incarceration with immediate parole, followed by three (3) years['] probation. On April 2, 2012, [Appellant] filed a … PCRA petition. On June 6, 2012, [Appellant] filed an amended petition. On January 23, 2013, the Honorable Denis P. Cohen, Judge of the Court of Common Pleas, granted an evidentiary hearing, which was held on July 23, 2013. On August 28, 2013, [the PCRA court] formally dismissed [Appellant's] petition. On September 10, 2013, [Appellant] filed a notice of appeal. On September 11, 2013, [the PCRA] court issued [an order pursuant to Pa.R.A.P. 1925(b)]. On September 27, 2013, [Appellant] filed a statement of [errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)]. [The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 26, 2013].

*Id.* at 1-2 (superfluous capitalization omitted).

On appeal, Appellant presents one issue for our review:

> I. Was the appellant's guilty plea knowing[,] intelligent[,] and voluntary when he was not informed due to ineffective advice of trial defense counsel, nor did he know, at the time that he tendered the guilty plea, that his deportation, because he was not a U.S. citizen, was mandatory because of the offenses to which he was pleading guilty?

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 903(a)(1).

- 2 -

Appellant's Brief at 2.

Appellant argues:

> Because he is not a U.S. citizen[,] the convictions, which
> involve drug distribution offenses, resulting from his guilty
> pleas require his deportation from the United States. When
> [Appellant] pleaded guilty to these offenses he was not
> notified by either the trial court[3] or defense counsel that

_____

[3] We may not review Appellant's claim of trial court error during the plea process, because Appellant's current claim is on collateral review under the PCRA and subject to 42 Pa.C.S.A. § 9543. Eligibility for relief requires Appellant's conviction to have resulted from:

(i)    A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii)   Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii)  A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv)   The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v)    Deleted.

*(Footnote Continued Next Page)*

because of his guilty pleas his deportation from the United States of America was mandatory. If he had known this, he would have not pleaded guilty.

Appellant's Brief at 7. Appellant relies on **Padilla v. Kentucky**, 130 S. Ct. 1473 (2010) for this proposition. **Id.** at 8.

This Court recently addressed a similar claim in **Commonwealth v. McDermitt**, 66 A.3d 810 (Pa. Super. 2013). We begin with our well-settled standard of review:

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> [… An] appellant is required to make the following showing in order to succeed with [] a claim [that trial counsel was ineffective]: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

(vi)    The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii)    The imposition of a sentence greater than the lawful maximum.

(viii)    A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2). Here, Appellant argues that trial counsel was ineffective for failing to inform him of mandatory deportation. Such a claim is cognizable under the PCRA. However, an allegation that the trial court similarly erred is not. Appellant has not asserted his innocence to invoke 42 Pa.C.S.A. § 9343(a)(2)(iii). Hence, we confine our appellate review to Appellant's claim that trial counsel was ineffective.

the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of this test will cause the entire claim to fail. Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise.

*Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013) (internal citations omitted).

In *McDermitt*, McDermitt argued that "his plea was involuntary because counsel ineffectively gave him inadequate advice as to his deportation risk, informing [McDermitt] that his conviction rendered him merely 'deportable.'" *Id.* at 14. "According to [McDermitt], counsel needed to inform him not just that his conviction carried a risk of deportation, but that he actually would be deported." *Id.* Thus, *McDermitt*, like Appellant herein, argued that *Padilla* required disclosure that deportation was certain. We rejected such assertion, relying on the plain language of *Padilla*:

> It is our responsibility under the Constitution to ensure that no criminal defendant—whether a citizen or not—is left to the mercies of incompetent counsel. To satisfy this responsibility, we now hold that **counsel must inform her client whether his plea carries a risk of deportation**. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less.

*McDermitt*, 66 A.3d at 814 *citing Padilla,* 130 S. Ct. at 1486 (internal citations omitted). We ultimately determined that "[c]learly, *Padilla* requires counsel to inform a defendant as to **a risk** of deportation, **not as to its certainty**." *McDermitt*, 66 A.3d at 814 (emphasis added).

In this case, the PCRA court held an evidentiary hearing wherein Appellant and trial counsel testified. Appellant testified that trial counsel told him that "because [Appellant had] a Green Card, [he] wouldn't get deported, so that's why [Appellant] accepted the plea deal." N.T., 7/23/2013, at 9. The Commonwealth entered into the record a written plea colloquy signed by Appellant prior to guilty plea. *Id.* at 13. The relevant portion of the written plea colloquy stated:

> **RISK OF DEPORTATION (*If an Alien*)**
>
> I know that if I am not a United States citizen, it is possible I may be deported if I plead guilty to the crime(s) charged against me.

*Id.* at 13, Exhibit C at 3. Appellant claimed that he did not read it and it was not explained to him by trial counsel. *Id.* at 14-17. He further testified that when the trial court subsequently conducted an oral colloquy, he lied when he said he read the written colloquy and that trial counsel had explained it to him.[4] *Id.* at 17-18.

_____

[4] We are mindful that "[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.***

Trial counsel testified that he read the written plea colloquy to Appellant prior to entering the guilty plea. *Id.* at 22. Trial counsel read the portion of the written plea colloquy pertaining to deportation to Appellant and did not recall Appellant "ever asking [him] about deportation" after the colloquy was explained. *Id.* at 23. Trial counsel denied telling Appellant that he would not be deported because he had a Green Card. *Id.* at 30.

The PCRA court found trial counsel credible. PCRA Court Opinion, 12/26/2013, at 7. It further determined that trial counsel "did inform [Appellant] about the possible risk of deportation even without knowing [Appellant] was an alien, and did not misrepresent to [Appellant] any potential deportation consequences of pleading guilty." *Id.* It concluded that trial counsel provided effective representation. *Id.* at 8.

Based upon our standard of review, we agree with the PCRA court. The record supports the PCRA court's credibility determinations and we will not disturb those findings. *Padilla* requires counsel to inform his client of a **risk** of deportation before pleading guilty. *McDermitt*, 66 A.3d at 814; *Padilla*, 130 S. Ct. at 1486. Trial counsel was not required to explain deportation in certain terms. *McDermitt*, 66 A.3d at 814. Here, trial counsel read Appellant the written plea colloquy including a disclaimer that the risk of deportation was a possible consequence of pleading guilty. Appellant signed the written colloquy and then confirmed with the trial court that he understood the contents of the written colloquy, trial counsel had fully explained it to him, and Appellant was satisfied with trial counsel's

representation. *See* N.T., 12/09/2011, at 6-8, 30. Based on all of the foregoing, we conclude there is no merit to Appellant's ineffective assistance of counsel claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014