J-S09004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN JAMES ROBBINS | |
| Appellant | No. 920 MDA 2015 |

Appeal from the PCRA Order April 27, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000304-2009

BEFORE: PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J. **FILED MARCH 21, 2016**

Appellant, John James Robbins, appeals *pro se* from the order entered April 27, 2015, in the Court of Common Pleas of Bradford County, which denied Robbins's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, petition. No relief is due.

A panel of this Court previously summarized the history of this case as follows.

> On August 7, 2008, Patrolman Eric Keir, Sergeant Daniel Reynolds and Patrolman Thomas Wilson of the Sayre Police Department responded to a report of sexual assault at 215 South Elmer Street, Bradford County. On arrival, the officers spoke with the victim and her fiancée, who stated that Appellant had raped the victim. An arrest warrant was issued for Appellant, who was subsequently apprehended, and on August 9, 2008, Appellant was charged with rape, involuntary deviate sexual intercourse, burglary, and simple assault. Following a trial on August 29, 2009, a jury found Appellant guilty of burglary and simple assault. The trial court conducted a sentencing hearing on

October 8, 2009[,] and sentenced Appellant to seven to twenty years of imprisonment.

*Commonwealth v. Robinson*, 23 A.3d 1079, at *1-2 (Pa. Super., filed Jan. 11, 2011) (mem. op.). This Court affirmed Appellant's judgment of sentence and granted counsel's request to withdraw. *See id*.

On July 20, 2011, Appellant filed a *pro se* PCRA petition. Counsel was appointed but subsequently withdrew. In the years that followed, Appellant was appointed counsel on numerous occasions, each of whom invariably sought permission to withdraw their representation. Ultimately, Appellant filed a motion to proceed *pro se*, which the PCRA court granted following a *Grazier*[1] hearing. On October 20, 2014, and December 10, 2014, respectively, Appellant filed amended PCRA petitions. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response and the PCRA court then dismissed Appellant's petition. This timely appeal follows.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record,

_____

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. **See** 42 Pa.C.S. § 9543(a)(3).

As this Court has repeatedly stated,

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted), **appeal denied**, 64 A.3d 631 (Pa. 2013).

Appellant first argues that trial counsel was ineffective for failing to object at trial when he was escorted to the witness stand by a uniformed deputy sheriff.[2] **See** Appellant's Brief at 20. Preliminarily, we note the PCRA

---

[2] Appellant further maintains counsel was ineffective for failing to object to the fact that he wore a "shock belt" during trial. From what we can gather from the record, the shock belt was worn underneath Appellant's clothing and thus was not visible to the jury. Additionally, Appellant does not produce
*(Footnote Continued Next Page)*

court incorrectly determined that this issue was previously litigated. On direct appeal, Appellant claimed that he was prejudiced when he was escorted to the witness stand by a uniformed deputy sheriff. **See Robbins**, 23 A.3d 1079, at \*2. The panel in that case determined that Appellant had waived his claim of prejudice where he did not raise an objection at trial. **See id**. at \*5-6. In the current appeal, Appellant argues that trial counsel was ineffective for failing to raise an objection with the trial court to being escorted to the witness stand. It is well settled that "an ineffective assistance of counsel claim is a separate legal issue distinct from the underlying substantive claim for which counsel allegedly had provided ineffective assistance." **Commonwealth v. Derk**, 913 A.2d 875, 883 n.6 (Pa. Super. 2006) (citation omitted). We thus proceed to address the merits of Appellant's ineffectiveness claim.

Appellant contends that the deputy sheriff's act of escorting him to the witness stand prejudiced the jury. "[I]t is well-settled under common law and constitutionally as incident to a fair trial without prejudice that defendants appear free from shackles or other physical restraints." **See Commonwealth v. Jasper**, 610 A.2d 949, 955 (Pa. 1992). Here, however, Appellant does not allege that he was handcuffed or shackled in the jury's

_(Footnote Continued)_ ──────────────

any evidence to support his assertion that the shock belt in some manner prevented him from participating meaningfully in his defense. We therefore find no reason for counsel to have lodged an objection on this basis.

presence—only that he was escorted to the witness stand by a uniformed deputy sheriff.

Our research has revealed no case law that would prohibit a defendant from merely being escorted to the witness stand by a uniformed deputy sheriff. Moreover, here, the jury was aware that Appellant was serving a burglary conviction in New York State. The presence of security would therefore not have been wholly unexpected, nor do we find it likely that the mere presence of the deputy sheriff prejudiced the jury to the extent that it deprived Appellant of a fair trial. Having failed to establish that he suffered prejudice as a result of counsel's failure to object to the escort, Appellant's claim fails.

In his second issue, Appellant contends that trial counsel was ineffective for failing to move to strike prospective juror C.W. for cause and in failing to use a peremptory strike against this juror. *See* Appellant's Brief at 36. When the juror indicated to the court that a woman with whom she worked had been raped as a child, the district attorney queried whether that relationship would impair her ability to serve fairly and impartially as a juror. *See* N.T., Voir Dire, 8/24/09 at 20-21. The juror initially responded that she was "not sure." *Id*. at 21. Appellant maintains that the juror's response was indicative of the juror's bias, and that trial counsel was ineffective for failing to move to strike the juror. *See* Appellant's Brief at 39.

When the entire testimony is read in context, it is evident that the seating of the juror was not improper. When the district attorney informed

the juror that this case did not involve a child and again questioned her ability to remain fair and impartial, the juror answered in the affirmative. **See** N.T., Voir Dire, 8/24/09 at 21. Although the juror admitted when questioned by defense counsel that she was unsure whether she had any preconceived notions about victims and the perpetrators based upon her familiarity with victims of abuse, the juror did not recant her earlier affirmation that she would remain fair and impartial. **Id**. Appellant's claim of the juror's bias is therefore purely speculative. As such, Appellant cannot establish that trial counsel was ineffective.

In the third issue, Appellant appears to concede that he did, in fact, assault the victim, yet he maintains that the incident "happened at his home in Waverly, New York 'Tioga County'" and not at the victim's residence in Sayre, Pennsylvania. Appellant's Brief at 48. Appellant contends that trial counsel was in some manner ineffective for failing to investigate this alleged "defense." The section of Appellant's brief devoted to this claim amounts to a rambling narrative of unconnected facts that may or may not have any relevance to the argument Appellant purports to address. In any event, our review of the record reveals that Appellant's underlying claim is meritless.

At trial, Appellant was afforded the opportunity to explain his version of the circumstances surrounding the assault of the victim. Appellant testified that on August 7, 2008, the victim came to his home in Waverly, New York, and attempted to seduce him in bed while he slept. **See** N.T., Trial, 8/29/09 at 77-78. Appellant stated that he then physically threw the

victim out of the bed and into a nearby dresser and then proceeded to shove the victim out of the room. *See id*. at 78-79. In returning a guilty verdict to the charge of burglary, the jury clearly credited the victim's testimony that the assault occurred in her home in Sayre, Pennsylvania, over the testimony offered by the Appellant. Although Appellant may not be satisfied with the jury's credibility determination, the fact remains that trial counsel elicited from the Appellant the precise information he now claims that counsel was ineffective for failing to investigate. We therefore find that Appellant cannot establish that trial counsel was ineffective on this basis.

In his final issue, Appellant claims government obstruction of his right to file an appeal. In support of his claim, Appellant offers no citation to legal authority or developed legal argument. We therefore find this issue to be waived. *See Commonwealth v. McDermitt*, 66 A.3d 810, 814 (Pa. Super. 2013) ("[U]ndeveloped claims are waived and unreviewable on appeal." (citation omitted)).

Order affirmed. Application for relief to supplement the record is granted. Motion for remand to supplement the original record is denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016

- 7 -