J-S66038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LANGSTON LAMAR PALMER | |
| Appellant | No. 408 MDA 2016 |

Appeal from the PCRA Order February 9, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001758-2013

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:　　　　　　**FILED SEPTEMBER 13, 2016**

Langston Palmer appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A jury found Palmer guilty of assault on a law enforcement officer[2] and related offenses.  On February 14, 2014, the trial court sentenced Palmer to 20-40 years' imprisonment on the assault charge and concurrent terms of imprisonment on the related charges.  Palmer filed a timely direct appeal, and on November 7, 2014, this Court affirmed at 371 MDA 2014.  On June 2, 2015, our Supreme Court denied Palmer's petition for allowance of appeal.

_____

[1] 42 Pa.C.S. § 9541 *et seq*.

[2] 18 Pa.C.S. § 2702.1(a).

On July 9, 2015, Palmer filed a timely PCRA petition. The court held a PCRA hearing on February 9, 2016 and denied Palmer's petition the same day. On March 10, 2016, Palmer filed a timely notice of appeal. Both Palmer and the PCRA court complied with Pa.R.A.P. 1925.

Palmer raises a single issue in this appeal:

Whether trial counsel was ineffective for failing to object to [admission of] statements of Burrell Hughes … which were hearsay and violated [Palmer's] rights to confrontation under the Sixth Amendment and Article I, section 9 [of the Pennsylvania Constitution]?

Brief For Appellant, at 4.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa.2005).

Further, counsel is presumed effective, and the appellant bears the burden to prove otherwise. *Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa.Super.2013). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Jones*, 815

A.2d 598, 611 (Pa.2002). The appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate the appellant's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa.2001), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa.2002). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Jones*, 815 A.2d at 611.

The following evidence was adduced during trial:

At 4 a.m. on September 7, 2012, York City Police Officer Christopher Roosen was patrolling York's western district when he observed what he believed was a drug deal near the intersection of Princess and West Streets. Officer Roosen saw Palmer on a bicycle leaning into a black vehicle occupied by two women. As Officer Roosen approached Defendant, he heard a callout (a signal used to indicate the presence of police). Palmer saw Officer Roosen and began travelling toward West Princess Street. Officer Roosen radioed for back-up and continued to pursue Palmer.

Officer Roosen pulled his marked police cruiser next to Palmer and asked him to stop, but Palmer kept riding and avoided eye contact with the officer. The officer activated his overhead lights and again asked Palmer to stop, but Palmer continued to pedal faster. He rode his bike onto the sidewalk, jumped off the bike and continued by foot. Officer Roosen began chasing Palmer on foot. Palmer fled northbound through a small breezeway with Officer Roosen approximately 10 feet behind him. Officer Roosen was unable to see Palmer's hands or any firearms but did not see anyone else present.

Palmer turned into a gravel alleyway, and Officer Roosen was within a few seconds of rounding the same corner when he

- 3 -

heard three loud shots. Officer Roosen testified that the shots 'almost sounded right on top of [me].' Officer Roosen stopped his pursuit, drew his firearm, and radioed that shots had been fired. Officer Roosen resumed his pursuit and ran onto West Street. He checked the 900 block of School Place, where, again, no one was present, and he radioed for additional units. At this time, Burrell Hughes approached Officer Roosen and screamed that Officer Roosen had shot 'Tank' (Palmer's street name). Officer Roosen told Hughes that he did not shoot Tank, but rather that Tank had shot at him. Hughes was detained and searched for weapons; none were found on him. Officer Roosen and Officer Jay returned to the gravel alleyway, where they found three shell casings of the same make and model in close proximity to one another. The casings appeared to be fresh, since there was no moisture, grass, gravel, or dirt on them. The officers did not see any remnants of fireworks, firecrackers, or other items that would have created a sound similar to a gun shot.

Officer Roosen prepared and executed a search warrant for Palmer's address but did not recover any firearms. Police officers found Palmer's state-issued identification card in his cargo shorts. Officer Roosen contacted the Pennsylvania State Police to see if Palmer had a license to carry a concealed weapon and learned that he had no such license.

***Commonwealth v. Palmer***, 371 MDA 2014, at 3-4 (Pa.Super., 11/7/14) (unpublished memorandum; citations omitted).

In this appeal, Palmer argues that trial counsel was ineffective for failing to object to Officer Roosen's testimony that Burrell Hughes ran up to him and stated, "you shot 'Tank'", i.e., Officer Roosen had shot Palmer. Palmer contends that Hughes' out-of-court statement was inadmissible hearsay that prejudiced Palmer by identifying him as a person at the scene of the crime. Palmer also asserts that this testimony violated his Confrontation Clause rights, because it constituted an out-of-court

identification by a witness, Hughes, who did not take the stand and could not be cross-examined.

The PCRA court correctly determined that Palmer's claim lacked arguable merit and did not prejudice Palmer. To begin with, Hughes' statement to Officer Roosen was not hearsay. Hearsay is "a statement, other than one made by the declarant … offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). A statement is not hearsay if it is a statement by a declarant not offered for the truth of the matter asserted. *Id*. Here, the Commonwealth did not offer Hughes' statement for the truth of the matter asserted -- i.e., Officer Roosen shot at Palmer -- because Officer Roosen testified that he did not shoot at Palmer. Thus, Hughes' statement was not hearsay.

The gist of Palmer's argument seems to be that Officer Roosen's testimony prejudiced him because it was the only evidence that placed him at the scene of the shooting. We disagree. Palmer placed himself at the scene of the shooting through his own testimony. He testified that Officer Roosen saw him selling drugs and pursued him into the alleyway where the shots were fired. N.T., 12/4/13, at 136-39.

Moreover, Hughes' statement actually bolstered Palmer's defense. Palmer insisted that he did not shoot at Officer Roosen. N.T., 12/4/13, at

137. Hughes' statement supported Palmer's defense by indicating that Officer Roosen, not Palmer, was the shooter during this incident.[3]

For these reasons, the PCRA court properly denied Palmer's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/2016

_____

[3] In this regard, **Commonwealth v. Thomas**, 578 A.2d 422 (Pa.1990), the case relied upon by Palmer, is distinguishable. In **Thomas**, both the victim and another witness told police that the defendant stole the victim's car. The victim testified at trial. The other witness did not testify, but the court permitted the Commonwealth to introduce the witness's statement during a police officer's testimony. The jury found the defendant guilty of theft and unauthorized use of an automobile. Our Supreme Court reversed and remanded for a new trial, reasoning that the witness's identification "considerably enhanced" the Commonwealth's case and furnished proof of the defendant's guilt through a person not under oath or available for cross-examination. **Id**., 578 A.2d at 428. In contrast, in the present case, Hughes' statement was decidedly a mixed blessing for the Commonwealth. Although it placed Palmer at the scene of the shooting, it also helped Palmer's defense by suggesting that Officer Roosen was the shooter instead of Palmer.