J-S48043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
           Appellee        :
        v.                   :
                                       :
JOSE MONTANEZ                :
                                       :
          Appellant       :
                                       :       No. 1186 EDA 2017

Appeal from the PCRA Order March 3, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009463-2011

BEFORE: DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                   **FILED OCTOBER 10, 2018**

Appellant, Jose Montanez, appeals from the PCRA court's denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Specifically, he claims that he is entitled to relief because of trial counsel's ineffectiveness. We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the PCRA court's July 31, 2017 opinion.

> On March 4, 2010, at about 1:00 a.m., [Appellant] took approximately $400 from the purse of his sister, [] while she slept at an apartment she and [Appellant] shared on the 4400 block of Paul Street, Philadelphia. [Appellant] left with the stolen money and went to a neighbor's apartment to purchase crack cocaine. After purchasing the drugs, [Appellant] got high with his neighbors until 6:00 a.m. [Appellant] then took a bus to the home of the victim, Tawanda Nelson, on the 700 block of East Ontario Street. After [Appellant] knocked on the door of the apartment, the victim's son, Devante Nelson, let [Appellant] into the house. [Appellant] then asked Tawanda if she would like to smoke and

_____
* Retired Senior Judge assigned to the Superior Court.

Tawanda said yes. After waiting for Devante to leave for school, Tawanda and [Appellant] purchased some crack cocaine on H Street, went back to Tawanda's house, and smoked drugs until they ran out. Tawanda then left and purchased more drugs, while [Appellant] stayed at the house. Upon returning to her house, Tawanda went upstairs and told [Appellant] to wait downstairs. Eventually, Tawanda called [Appellant] upstairs to share some of the drugs that she had purchased. [Appellant], however, felt that Tawanda was hoarding the drugs and was not sharing enough with him. [Appellant], upset that Tawanda was hoarding the drugs, went downstairs and got a steak knife from the kitchen. [Appellant] then went back upstairs and asked Tawanda if he could have some more crack. After Tawanda told him that she had run out of crack, [Appellant] stabbed Tawanda once in the head, four times in her abdomen, twice in the back, twice in the right side of her flank, and twice in her left hand.

[Appellant] then stole [thirty dollars] from Tawanda's home and left to purchase more crack cocaine. [Appellant] subsequently returned to Tawanda's house, smoked more crack, and stared at Tawanda, who was still alive. [Appellant] then stabbed Tawanda three more times in her neck, killing her, and finished smoking the rest of the drugs.

(PCRA Court Opinion, 7/31/17, at 3-4) (record citations and footnote omitted).

At trial, Detective James Crone testified that, after Appellant was arrested, he provided a statement to police wherein he confessed to murdering Tawanda Nelson. (*See* N.T. Trial, 2/05/13, at 214-24).

In addition, Appellant testified on his own behalf at trial. During cross-examination, the Commonwealth introduced the following letter, which Appellant wrote to the trial judge:

Dear Judge Bronson, I am writing you today because I don't have anyone else to turn to. My lawyer had a man by the name of Dr. Samuel come up here to see me to talk about my case. Instead of this doctor asking me how I felt and what was going on with me during the time of the murder, he told me how I felt. He judged me and he told me how I felt, and when I denied it, he called me a liar. That was months ago and I haven't told my

- 2 -

lawyer because I am scared that he won't believe me. Now I am on my way to a murder trial that I am almost certain I will lose, and I am not even responsible for it. At least according to Lawrence Robinson versus California, I am not. In Lawrence Robinson versus California, five Supreme Court Justices of the United States reversed the decision made by the lower courts. According to this case law, it would be cruel and unusual punishment to put me in prison for this when in my confession to the police I told them I didn't know what I was doing and I didn't know why I was doing it. I was not in control of my actions. I was high off crack cocaine and had already been addicted to the drug for years. I was and am still ill due to my narcotic addiction. I need help, not prison. A state hospital so I can understand what happened. I need help and I have asked for it when I was in Friends Hospital. Thank you, Jose Montanez.

(N.T. Trial, 2/06/13, at 72-73).

On February 6, 2013, a jury convicted Appellant of first degree murder, robbery, burglary, and possessing an instrument of a crime.[1] The court imposed a mandatory life sentence for the murder charge, and concurrent sentences of not less than ten nor more than twenty years of imprisonment for robbery; not less than six nor more than twelve years of imprisonment for burglary; and not less than one nor more than five years of imprisonment for possessing an instrument of a crime. Appellant filed neither a post-sentence motion nor a direct appeal.

On February 6, 2014, Appellant filed a *pro se* petition under the PCRA. The PCRA court appointed counsel, who filed an amended petition on April 11, 2016, claiming that trial counsel was ineffective by failing to file a post-sentence motion challenging the weight of the evidence, failing to perfect an

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(i), 3502(a), and 907(a), respectively.

appeal, and failing to object to the admissibility of the letter that Appellant wrote to the trial court judge.[2]

The PCRA court conducted an evidentiary hearing on October 20, 2016, after which it found that Appellant did not request that trial counsel file a direct appeal. On January 13, 2017, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, explaining that after its review of the record Appellant's claims lacked merit. *See* Pa.R.Crim.P. 907(1). On March 3, 2017, the PCRA court dismissed the petition. This timely appeal followed.[3]

Appellant raises two issues on appeal.

I.    Did the [PCRA court] err when [it] denied [Appellant] PCRA relief although [Appellant] properly pled, and did actually prove at an evidentiary hearing, that he had asked for an appeal and where the [c]ourt denied same?

II.   Is [Appellant] entitled to a new trial where counsel was ineffective at trial for failing to object to blatant hearsay?

(Appellant's Brief, at 3).

Our well-settled standard and scope of review for the denial of a PCRA petition is as follows:

> We review the denial of PCRA relief for a determination of whether the PCRA court's findings are supported by the record and free of legal error. A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or

---

[2] Appellant later withdrew his claim concerning post-sentence motions.

[3] Pursuant to the PCRA court's order, Appellant filed his concise statement of errors complained of on appeal on April 17, 2017. The court entered its opinion on July 31, 2017. *See* Pa.R.A.P. 1925.

sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S.[A.] § 9543(a)(2).

***Commonwealth v. Natividad***, 938 A.2d 310, 320 (Pa. 2007) (citation omitted).

To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel. ***See*** 42 Pa.C.S.A. § 9543(a)(2).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987); ***Strickland v. Washington***, 466 U.S. 668 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." ***Commonwealth v. Basemore***, 744 A.2d 717, 738 n.23 (Pa. 2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. ***See Pierce***, ***supra***; ***Commonwealth v. Holloway***, 739 A.2d 1039, 1044 (Pa. 1999). . . .

***Natividad***, ***supra*** at 321 (citation formatting provided); ***see also Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("[An appellant's] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.") (citation omitted).

In the instant case, Appellant first claims that trial counsel was ineffective for failing to file a direct appeal. (***See*** Appellant's Brief, at 9-11). He argues that, contrary to the PCRA court's findings, the evidence at the

evidentiary hearing established that Appellant had asked for an appeal.  (**See id.** at 10).  We disagree.

"Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request."  **Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013) (citation omitted).

In the instant case, Attorney Derrick Coker, trial counsel, testified that after sentencing he spoke to Appellant and "reiterated that he still had the right to appeal, not withstanding [*sic*] what he said to [the court,[4]]" and Appellant told him that he did not want to appeal.  (N.T. Hearing, 10/20/16, at 20; **see id.** at 23).  The PCRA court credited Attorney Coker's testimony, and found that Appellant told trial counsel that he did not want to appeal. (**See id.** at 33-34).

Upon review, we conclude that the PCRA court's decision is supported by the record and free of legal error.  **See Natividad**, **supra** at 320. Therefore, Appellant has not met his burden to prove that he "requested an appeal and that counsel disregarded that request."  **McDermitt**, **supra** at 814 (citation omitted).  Accordingly, Appellant's first claim does not merit relief.

_____

[4] Trial counsel presumably referred to Appellant's statement to the court during sentencing that he did not wish to file an appeal. (**See** N.T. Trial, 2/06/13, at 201) ("I am very sorry to Tawanda, her children, the family, and the community for the injustice and crime and the heinous crime that I committed.  There will be no appeal.  I don't want to appeal.").

In his second issue, Appellant asserts that the PCRA court erred when it denied his claim for relief because of trial counsel's ineffectiveness for failing to object to the admission of the letter that Appellant wrote to the trial court. (**See** Appellant's Brief, at 11-12). We disagree.

Preliminarily, we note that, although Appellant's statement of questions states that "counsel was ineffective at trial for failing to object to blatant hearsay[,]" (**id.** at 3), in the argument portion of his brief, Appellant contends that counsel was ineffective for failing to object to the letter as irrelevant and unduly prejudicial, and does not develop an argument concerning hearsay.[5] (**See id.** at 11-12). Furthermore, aside from boilerplate citation to the standard of review, Appellant has not supported his argument with citation to pertinent legal authority. **See** Pa.R.A.P. 2119(a); (**see also** Appellant's Brief, at 11-12). Accordingly, we find Appellant's claim concerning hearsay waived for failure to develop the issue raised in his statement of questions presented. **See** Pa.R.A.P. 2101, 2116, 2119(a).

Moreover, Appellant's claim that counsel was ineffective for failing to object to admissibility of the letter as irrelevant or unduly prejudicial would not merit relief. The third prong of the **Pierce** test requires that Appellant prove "prejudice, to the effect that there was a reasonable probability of a

_____

[5] Appellant's only reference to hearsay is as follows: ". . . what someone else said to [Appellant] was pure hearsay and needed to have been objected to. . . . It was hearsay and should have been excluded." (Appellant's Brief, at 12).

different outcome if not for counsel's error." ***Natividad***, ***supra*** at 321 (citation omitted); ***see Daniels***, ***supra*** at 419.

Here, the PCRA court concluded that trial counsel's failure to object to the letter could not have prejudiced Appellant because

> [t]he evidence of [Appellant's] guilt was overwhelming. [Appellant] gave a full confession to police outlining in great detail his murder of Tawanda. (***See*** N.T. Trial, 2/05/13, at 213-24). [Appellant's] DNA was found on the knife used for the murder. (***See id.*** at 170-72). [Appellant's] own sister testified that [Appellant] admitted to her that he stabbed and killed Tawanda. (***See id.*** at 94-97). . . .

(PCRA Ct. Op., at 8) (record citation formatting provided).

Upon review, we conclude that the PCRA court's finding is supported by the record. ***See Natividad***, ***supra*** at 320. The evidence introduced at trial was so overwhelming in favor of Appellant's guilt, that there was no reasonable probability of a different outcome had counsel successfully objected to admission of Appellant's letter to the trial judge. Accordingly, Appellant's second issue, even if not waived, would not merit relief. ***See id.*** at 321.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 10/10/18

- 8 -