J-S44021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TODD ANDREW RICHARDSON :
:
Appellant : No. 1035 MDA 2022

Appeal from the PCRA Order Entered June 29, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001435-2020

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: MARCH 27, 2023**

Todd Andrew Richardson appeals from the order denying his Post Conviction Relief Act petition, 42 Pa.C.S.A. §§ 9541-9546. Richardson argues the trial court erred in concluding his counsel was not ineffective for failing to file a direct appeal. We affirm.

In April 2021, a jury convicted Richardson of aggravated assault and simple assault, and the trial court found him guilty of the summary offense of harassment.[1] The charges related to offenses committed against Richardson's girlfriend, with whom he lived. The trial court sentenced Richardson to five and one half to 15 years' imprisonment for the aggravated assault conviction

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

and found the simple assault and harassment convictions merged for sentencing purposes.

Richardson filed a post-sentence motion challenging the sufficiency and weight of the evidence and his sentence. Two days later, the trial court denied the motion. No direct appeal was filed.

In September 2021, Richardson filed a *pro se* PCRA petition claiming his trial counsel was ineffective because he had requested that counsel file a direct appeal, and counsel failed to do so. The PCRA court appointed counsel, who filed an amended petition, raising a claim that trial counsel was ineffective for failing to file a direct appeal.

At an evidentiary hearing, Richardson testified that after the court imposed the sentence, he asked trial counsel to file a direct appeal. He said that ten or 11 days after the sentencing hearing, he had a conversation with trial counsel, and counsel told him the appeal had been denied. Because counsel told him the appeal had been denied, he "just let it go because [he] thought – [he] let it go." N.T., Apr. 28, 2022, at 9. He stated he never spoke to counsel again following this conversation. *Id.* at 10, 12-13.

Trial counsel testified that after the court sentenced Richardson, he told Richardson that he would file a post-sentence motion, which he filed and the court denied. Trial counsel stated that he had a video conference with Richardson in May 2021, which was within the appeal period. *Id.* at 15. He said he informed Richardson that the court had denied the post-sentence motion and asked whether Richardson wanted to file an appeal. *Id.* at 16.

Richardson responded by referring to medical record evidence he believed existed, and that he thought would prove his innocence. *Id.* Counsel informed Richardson neither he nor the Commonwealth had such evidence. *Id.* Counsel again asked Richardson whether he would like counsel to file an appeal, and Richardson said he did not want counsel to file one. *Id.* at 16-18.

Counsel testified that he asked three separate times during the conversation whether Richardson wanted to appeal, and Richardson said no each time. Counsel testified that after the third query, Richardson "emphatically stated he did not want to appeal" and "not so gently hung up the receiver on the other end." *Id.* at 16, 20. Richardson did not contact counsel again after the conference call. *Id.* at 17-18, 21. Because he was surprised Richardson did not wish to file an appeal, trial counsel documented Richardson's responses in his notes in the file. *Id.* at 17.

Following the hearing, the trial court made the following findings of fact:

> 1. On April 20, 2021, [Richardson] was sentenced pursuant to conviction by a jury on April 19.
>
> 2. After the imposition of sentence, [Richardson] requested that counsel appeal.
>
> 3. Counsel informed [Richardson] at that time that he would be filing a post sentence motion on his behalf.
>
> 4. The post sentence motion was filed on April 27, 2021, within the ten-day time limit for the filing of such motions.
>
> 5. The post sentence motion raised issues relating to the weight of the evidence and the length of the sentence imposed.

* * *

8. The post sentence motion was denied on April 28, 2021.

9. After denial of the post sentence motion, Trial Counsel scheduled a video conference with [Richardson] to be held on May 18, 2021.

10. The conference was scheduled to confer with [Richardson] regarding any possible appeal and allowed sufficient time for the perfection of an appeal should [Richardson] request one.

11. At the video conference of May 18, 2021, Trial Counsel informed [Richardson] that the post sentence motion filed on his behalf had been denied by the Court.

12. In response to Trial Counsel's request as to whether [Richardson] wished to file an appeal, [Richardson] responded in the negative.

13. After that response, [Richardson] then queried Trial Counsel concerning medical evidence with respect to the victim which he believed would establish his innocence.

14. Trial Counsel informed [Richardson] that he was in possession of no such evidence, and related that the District Attorney did not possess any such evidence either.

15. After Trial Counsel's statement regarding the alleged medical evidence, [Richardson] again stated that he did not wish to appeal.

16. Trial Counsel, knowing that [Richardson] was dissatisfied with the results of his trial, asked [Richardson] a third time if he wished to appeal.

17. In response to the third query, [Richardson] emphatically repeated that he did not wish to appeal, hung up the receiver, and left the video conference room.

18. Early on the morning of May 19, 2021, the day following the video conference, Trial Counsel made detailed notes of his conversation with [Richardson] during the video conference.

19. After the conference of May 18, 2021, Trial Counsel never heard from [Richardson] again.

- 4 -

20. [Richardson] displayed no signs of confusion during the video conference.

Trial Court Opinion, Sept. 6, 2022, at 5-6 ("PCRA Opinion"). The PCRA court concluded Richardson failed to demonstrate counsel was ineffective and denied the petition. Richardson filed a timely notice of appeal.

Richardson raises the following issue: "Whether the PCRA Court erred and abused its discretion in denying the request to reinstate [Richardson's] direct appeal rights where it is apparent from the record that [Richardson] wished to contest his conviction?" Richardson's Br. at 5.

Richardson acknowledges counsel consulted with him about an appeal, and the PCRA court found as a fact that he indicated he did not want to file an appeal, but claims the consultation was not adequate. He argues that even where a defendant does not ask counsel to file an appeal, counsel has a duty to adequately consult with a defendant where there is reason to think a defendant would want to appeal. He claims counsel "had reason to believe that a rational defendant would want to appeal because there are nonfrivolous grounds for appeal and because [Richardson], by asking trial counsel about presenting evidence on appeal, reasonably demonstrated that he was interested in continuing to litigate his case." Richardson's Br. at 12. Richardson argues he testified that at the telephone conference he thought the appeal had already been denied and the consultation described by counsel was not adequate as to the advantages and disadvantages of an appeal.

Our standard of review of an order denying PCRA relief is limited to determining "whether the PCRA court's determination is supported by

- 5 -

evidence of record and whether it is free of legal error." ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted).

To establish a claim that counsel was ineffective, a petitioner must plead and prove all of the following: "1) the underlying claim has arguable merit; 2) no reasonable basis existed for counsel's actions or failure to act; and 3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." ***Commonwealth v. Reed***, 971 A.2d 1216, 1221 (Pa. 2009) (citation omitted). Where a petitioner raises a claim that counsel is ineffective for failing to file an appeal, the petitioner must prove he requested that counsel file an appeal and counsel disregarded the request. ***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa.Super. 2020). If counsel failed to file the requested appeal, counsel will be found to be *per se* ineffective, such that the petitioner need not prove prejudice. ***Id.***

A petitioner may also establish counsel was ineffective for failing to file an appeal if he establishes counsel failed to consult with him. To establish counsel was ineffective for failing to consult with a defendant about an appeal, the petitioner must establish that a duty to consult arose because counsel had reason to believe either "(1) that a rational defendant would want to appeal (for example because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." ***Commonwealth v. McDermitt***, 66 A.3d 810, 815 (Pa.Super. 2013). If a duty to consult arises, counsel must "adequately consult

with the defendant as to the advantages and disadvantages of an appeal." ***Id.*** Further, when alleging counsel failed to consult regarding an appeal, a petitioner must establish prejudice. ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa.Super. 2001).

Here, the PCRA court concluded Richardson failed to carry his burden to prove that counsel failed to file an appeal requested by Richardson. PCRA Opinion at 7. It concluded that "it is abundantly clear that Trial Counsel did all that could reasonably be asked of him in ascertaining whether [Richardson] wished to proceed with an appeal." ***Id.*** It found Richardson in May 2021 chose not to file an appeal, "despite multiple inquiries by Trial Counsel as to [Richardson's] wishes." ***Id.*** The PCRA court further found counsel "consulted with [Richardson] regarding a possible appeal, and [Richardson] repeatedly denied Trial Counsel's queries as to whether he wished to file such an appeal." ***Id.*** at 8. The court stated it was "unconvinced" that counsel had to "expend further efforts to determine whether [Richardson] was confused or misunderstood the discussion," reasoning that "[a]ny misunderstanding on [Richardson's] part regarding evidence or whether he was entitled to further appeal would certainly be assuaged by Trial Counsel's thrice-repeated, plain request to [Richardson] as to whether he sought to take an appeal in his case." ***Id.*** It found Richardson "cannot now use his failure to heed Trial Counsel's advice to support a claim that Trial Counsel was ineffective in convincing him to file such an appeal." ***Id.***

The record supports the PCRA court's factual findings and it did not commit legal error when it denied Richardson's ineffectiveness claim. Trial counsel met with Richardson to discuss whether Richardson wished to file an appeal, and despite being asked repeatedly if he wanted to appeal, Richardson declined. When Richardson mentioned exculpatory medical evidence, counsel responded that he knew of no such evidence. Richardson did not inform counsel of additional evidence, and when counsel again asked about an appeal, Richardson said he did not want to appeal. Although Richardson states counsel did not advise him about the advantages and disadvantages of an appeal, he has not identified a particular piece of information that he claims he lacked and the absence of which prejudiced him.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2023