J-S20038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL SCOTT CROASMUN, | |
| Appellant | No. 1410 WDA 2015 |

Appeal from the PCRA Order August 26, 2015
in the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000401-2012

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 21, 2016**

Appellant, Michael Scott Croasmun, appeals from the order dismissing his counseled first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. On January 16, 2013, Appellant entered a negotiated guilty plea to one count each of involuntary deviate sexual intercourse with a child and aggravated indecent assault of a child.[1]  The charges stem from his sexual abuse of his then-girlfriend's daughter.  In exchange for the plea, the Commonwealth *nolle prossed* 249 related counts against him.  On May 28,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b) and 3125(b), respectively.

2013, after consideration of a pre-sentence investigation report (PSI), the trial court sentenced Appellant, in accordance with the plea agreement, to an aggregate term of not less than ten nor more than thirty years' incarceration. The court also designated Appellant a sexually violent predator (SVP). Appellant did not file a post-sentence motion or direct appeal.

On May 21, 2014, Appellant, acting *pro se*, filed a timely PCRA petition raising numerous claims of ineffective assistance of plea counsel. The PCRA court appointed counsel, and held an evidentiary hearing on August 6, 2015, at which plea counsel Kenneth A. Young, Esq. and Appellant testified. Appellant introduced into evidence a letter Attorney Young wrote to him dated May 1, 2013 (after Appellant entered the guilty plea, but before the court imposed sentence). The letter reads, in pertinent part, as follows:

> . . . I am sorry that you are concerned regarding the Megan's Law implication regarding your case. You informed me that you would accept the plea and knowingly and intentionally pled guilty to this matter with the negotiation of a 10 to 30 year sentence. Pursuant to conversations with you and my partner, . . . it was our global agreement that this case was un-defendable due to the severity of the charges, your submissions to both [my partner] and myself, the severity of the crimes charged, the mandatory minimums involved and the fact that the [c]ourt would sentence you to consecutive mandatory minimums if you were found guilty in this matter.
>
> If you desire to withdraw your plea, I will of course prepare the necessary documentation, but, I would also have to withdraw as counsel in this matter. I don't believe any additional money would assist you in this terrible situation. I have tried thousands of cases in this Commonwealth and professionally evaluated your case with my colleagues and

yourself and we all believe that we would be unsuccessful obtaining a not guilty verdict in this matter.

Please immediately contact me by correspondence as soon as possible with your position in this matter. I again stress that this was the best negotiated sentence that could have been achieved due to the facts and severity of charges against you.

(Letter from Kenneth A. Young, Esq. to Appellant, 5/01/13, at unnumbered pages 1-2).[2]

On August 26, 2015, the court entered an opinion and order denying Appellant's PCRA petition. This timely appeal followed.[3]

Appellant raises one issue for our review:

Did the [PCRA] court err in its August 26, 2015, opinion and order, which denied [Appellant's] PCRA claim that [Appellant] was rendered ineffective assistance of counsel by being pressured, coerced, and unlawfully induced by his trial attorney, under threat of abandonment, to plead guilty pursuant to the plea agreement rather than go to trial?

(Appellant's Brief, at 4).[4]

_____

[2] Appellant did not respond to the letter. (**See** PCRA Court Opinion, 8/26/15, at 4).

[3] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on September 24, 2015. The court entered an opinion on September 25, 2015, in which it referred this Court to its previous opinion filed August 26, 2015 for its reasons for denying the PCRA petition. **See** Pa.R.A.P. 1925.

[4] The Commonwealth did not file a brief; it filed a letter stating that it is relying on the PCRA court's Rule 1925(a) opinion. (**See** Commonwealth's letter, 11/23/15).

In his issue on appeal, Appellant argues that counsel provided ineffective assistance by coercing and pressuring him into proceeding with the guilty plea instead of a trial. (**See id.** at 13-18). He asserts that counsel threatened to abandon him if he withdrew the plea, and in support, points to counsel's May 1, 2013 letter. (**See id.** at 14, 16-17). Appellant further maintains that counsel's actions rendered his plea involuntary and requests that this Court remand his case for trial. (**See id.** at 17-18). This issue does not merit relief.

> We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

To prevail on a petition for PCRA relief on grounds of ineffective assistance of counsel, a petitioner must plead and prove, by a preponderance of the evidence:

> (2) That the conviction or sentence resulted from . . . :
>
>                   \*     \*     \*
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

- 4 -

42 Pa.C.S.A. § 9543(a)(2)(ii).

An appellant must demonstrate "(1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. McDermitt***, 66 A.3d 810, 813 (Pa. Super. 2013) (citation omitted). "The failure to satisfy any prong of this test will cause the entire claim to fail." ***Id.*** (citation omitted). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779-80 (Pa. Super. 2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015) (citations omitted).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> [T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made. Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that,

but for counsel's errors, he would not have pleaded guilty and would have gone to trial.

***Commonwealth v. Timchak***, 69 A.3d 765, 769-70 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, during Appellant's oral guilty plea colloquy, the court informed him of the elements of the charges against him, and Appellant affirmatively stated that he was guilty of the charges. (***See*** N.T. Guilty Plea, 1/16/13, at 7-8). Additionally, Appellant affirmatively indicated, *inter alia*, that he understood the plea agreement and that he was waiving his right to a jury trial. (***See id.*** at 4-5).

At the sentencing hearing, the court acknowledged that Appellant made certain statements during his interview for the PSI indicating that he was not guilty. (***See*** N.T. Sentencing, 5/28/13, at 4; PSI, 5/28/13, at 2). The court reiterated that Appellant had the right to a trial, and stated that it could permit him to withdraw his plea. (***See*** N.T. Sentencing, at 4-5). It advised Appellant that this was his "last chance to say, 'I'm not guilty; I don't want to take the plea[.]'" (***Id.*** at 4). Appellant declined to withdraw the plea, stated that he did not need additional time to consider this decision, and indicated that he made it "of [his] own free will[.]" (***Id.*** at 7; ***see id.*** at 5-6).

During the PCRA hearing, Appellant testified regarding Attorney Young's May 1, 2013 letter, and indicated that he felt "abandoned" and "defenseless" after receiving it. (N.T. PCRA Hearing, 8/06/15, at 50; ***see id.*** at 10). He believed Attorney Young pressured him to enter the plea because

"it felt like he was saying you need to take this [plea] or else[.]"  (*Id.* at 48).

In contrast, Attorney Young testified that, although he initially prepared to mount an aggressive defense for Appellant, after evaluating the evidence, he concluded that the Commonwealth's case was "extremely overwhelming," and essentially indefensible.  (*Id.* at 27; *see id.* at 18, 26, 42-43).  The victim, her mother, and her step-brother were prepared to testify against Appellant, and the Commonwealth also planned to present evidence of other sexual abuse allegations against Appellant by his niece.[5] (*See id.* at 16, 42; PCRA Ct. Op., at 1).  Additionally, if Attorney Young tried the case, his defense strategy was limited because Appellant had admitted sexual contact with the victim to him.  (*See* N.T. PCRA Hearing, at 17, 41-42).  He advised Appellant that he could seek different representation if he wished.  (*See id.* at 42).

Attorney Young further testified that Appellant authorized him to pursue a plea agreement after they discussed the strong evidence against him and the possibility that the court would sentence him to what was, in effect, a life sentence.  (*See id.* at 16, 19).  Attorney Young stated that Appellant was satisfied with the plea and that he "definitely never pressured [Appellant] to take the plea.  If [Appellant] wanted a trial, [he] would have

_____

[5] *See* Pa.R.E. 404(b).

- 7 -

tried it, but in [his] professional opinion, this was a very fair and reasonable negotiated plea." (*Id.* at 19; *see id.* at 20, 22, 43). He testified that he did not abandon Appellant and that, on the day of sentencing, Appellant reiterated that he wanted to move forward with sentencing pursuant to the plea. (*See id.* at 43-44).

After review of the record, we agree with the PCRA court that Appellant is not entitled to relief on his ineffective assistance of counsel claim. Despite his assertions to the contrary, the record does not reflect that counsel coerced Appellant into entering an involuntary guilty plea. Rather, it supports the PCRA court's determination that counsel made a realistic assessment of Appellant's likelihood of conviction at a trial and the resultant lengthy sentence, and recommended that Appellant instead enter what he considered, based on his extensive experience, a favorable plea. (*See* PCRA Ct. Op., at 6-7). While counsel candidly advised, in light of the Commonwealth's "overwhelming" evidence and his limited defense strategies, that he would file a motion to withdraw from representation if Appellant withdrew the plea, he did not suggest that Appellant could not proceed with alternate representation.

Moreover, Appellant made statements under oath at the guilty plea colloquy and sentencing hearing indicating he was guilty of the charges and that he made the decision to plead guilty of his own free will; "[he] is bound by these statements, and he may not now assert grounds for withdrawing

the plea which contradict the statements." ***Timchak***, ***supra*** at 774 (citation omitted).

In sum, we conclude that Appellant's underlying claim that his plea was involuntary lacks arguable merit. ***See id.***; ***McDermitt***, ***supra*** at 813. Accordingly, his sole issue on appeal does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/21/2016