J-S28031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HUBERT PEEPLES, | |
| Appellant | No. 1369 EDA 2015 |

Appeal from the PCRA Order April 29, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0501581-2005

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED MAY 04, 2016**

Appellant, Hubert Peeples, appeals from the order dismissing his first, counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A previous panel of this Court summarized the factual and procedural history of this case as follows:

> On May 10, 2005, Appellant's wife came home to find Appellant angry because she was late and had not made dinner. After dinner, Appellant and his wife argued, and Appellant physically beat his wife and had sex with her against her will. The next morning, Appellant's wife convinced him to take her to the hospital where she "told two registered nurses about the abuse and the pain she was in." Appellant was formally arraigned for these events on May 12, 2005.

---

[*] Retired Senior Judge assigned to the Superior Court.

Initially, Appellant was tried by a jury, which resulted in a hung jury and a mistrial on September 30, 2005. Then, on March 23, 2007, prior to Appellant's retrial, he filed a Rule 600(D)[1] motion alleging that he was to be tried within 120 days after the mistrial. That same day, the trial court discharged the case under Rule 600(D)(1) "because [Appellant] was not brought to trial promptly within the 120-day period, as the rule specifies."

The Commonwealth filed a motion for reconsideration of the dismissal sometime before July 16, 2007. Appellant waived the 30-day time limit[2] for that motion in light of past consideration the trial judge had given him on time limits. Once the trial court realized its mistake in discharging the case when it should have only released Appellant from prison, it granted the Commonwealth's motion for reconsideration and reinstated the case. However, the motion for reconsideration and the trial court's granting of that motion were never recorded on the docket due to some problems the Commonwealth encountered when trying to file them with the Clerk of Quarter Sessions.

\* \* \*

On July 26, 2007, [a second] jury found Appellant guilty of sexual assault, unlawful restraint, simple assault, recklessly

---

[1] Rule 600(D) provide[d] that:

[w]hen a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the order granting a new trial, if the defendant is incarcerated on the case. If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

Pa.R.Crim.P. 600(D)(1).

[2] "[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

- 2 -

endangering another person, and false imprisonment. On February 20, 2009, the court sentenced Appellant to two to four years' incarceration and an additional seven years' probation consecutive to his prison sentence. . . .

(**Commonwealth v. Peeples**, No. 981 EDA 2009, unpublished memorandum at *1-4 (Pa. Super. filed June 4, 2010)) (record citations omitted).

This Court affirmed Appellant's judgment of sentence on June 4, 2010. (**See id.** at *8).[3] The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 20, 2011. (**See Commonwealth v. Peeples**, 14 A.3d 826 (Pa. 2011)). On January 19, 2012, Appellant, acting pro se, filed the instant, timely PCRA petition. Appointed counsel filed an amended petition on July 19, 2013. On April 29,

---

[3] Relevant to the instant collateral appeal, on direct appeal, Appellant raised the issue of "whether the trial court lost jurisdiction to bring Appellant to trial after thirty days had passed since the case was dismissed under the speedy trial provisions of the Pennsylvania Rules of Criminal Procedure, and there is no order filed of record rescinding or vacating the dismissal." (**Peeples**, **supra** at *1). The panel stated that the "right of a trial court to correct mistakes prevails despite the existence of other rules that purport to divest the trial court of jurisdiction to modify its holdings." (**Id.** at *5). It rejected Appellant's claim, determining that "the trial court clearly intended to rescind its dismissal when it relisted the case for trial, after the Commonwealth filed a motion for reconsideration," and the court realized its mistake in discharging the case. (**Id.** at *8; **see id.** at *3). It affirmed the judgment of sentence and remanded the case to the trial court for updating of the record to reflect that the dismissal had been rescinded. (**See id.** at *8).

2015, the PCRA court entered its order dismissing Appellant's PCRA petition. This timely appeal followed.[4]

Appellant presents the following questions for our review:

[I.] Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging counsel was ineffective[?]

[II.] Whether the [PCRA court] was in error in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

(Appellant's Brief, at 8).[5]

Our standard of review is as follows:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

In the first issue, Appellant argues that the PCRA court erred in not granting him relief on his three ineffective assistance of trial counsel claims. (***See*** Appellant's Brief, at 16-21). Specifically, he contends that counsel was ineffective in: neglecting to file a post-trial motion challenging the weight of

---

[4] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on July 20, 2015. The court entered an opinion on August 3, 2015. ***See*** Pa.R.A.P. 1925.

[5] We have reordered Appellant's issues for ease of disposition.

the evidence; failing to present evidence that the victim was withdrawing funds from the bank account she shared with Appellant; and waiving the thirty-day time limitation on trial court reconsideration of its order dismissing the case. (**See id.**; **see also Peeples**, **supra** at \*2-3). This issue does not merit relief.

To prevail on a petition for PCRA relief on grounds of ineffective assistance of counsel, a petitioner must plead and prove, by a preponderance of the evidence, "[t]hat the conviction or sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

A petitioner must demonstrate "(1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Commonwealth v. McDermitt**, 66 A.3d 810, 813 (Pa. Super. 2013) (citation omitted). "The failure to satisfy any prong of this test will cause the entire claim to fail." **Id.** (citation omitted). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779-80 (Pa. Super.

2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015) (citations omitted).

In the instant case, Appellant first argues that counsel was ineffective in failing to file a post-trial motion challenging the weight of the evidence. (**See** Appellant's Brief, at 17-20). In support, Appellant points to the victim's trial testimony, which he asserts "did not have the ring of truth," (*id.* at 17), and to his own statement to police, which he claims "had the ring of truth to it and contradicted everything that [the victim] said." (**Id.** at 18). Appellant argues that given the conflicting evidence that was presented at trial, jury's verdict of guilt shocks one's sense of justice. (**See id.** at 18-20). This argument is waived and would not merit relief.

Preliminarily, we observe that although Appellant emphasizes the victim's allegedly inconsistent and dishonest testimony, and his own truthful statement to police, he fails to provide this Court with any citations at all to these statements in the record. Thus, Appellant has waived this argument. **See** Pa.R.A.P. 2119(a)-(b), 2101.

Moreover, it would not merit relief. "The weight of the evidence is **exclusively** for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Luster**, 71 A.3d 1029, 1049 (Pa. Super. 2013), *appeal denied*, 83 A.3d 414 (Pa. 2013) (emphasis added; citation omitted). "To grant a new trial based upon the weight of the evidence, it must appear [to the trial court] that the verdict was so contrary to the evidence as to shock

one's sense of justice and make the award of a new trial imperative." ***Id.***
(citation and internal quotation marks omitted). "[T]he fact that
contradictory evidence exists as to a particular issue does not, by itself,
render the verdict so contrary to the evidence that one's sense of justice is
shocked." ***Commonwealth v. Miller***, 724 A.2d 895, 901 (Pa. 1999), *cert.
denied sub nom.* ***Miller v. Pennsylvania***, 528 U.S. 903 (1999) (citation
omitted).

Here, the jury, as fact-finder, was free to make credibility
determinations and resolve any inconsistencies in the evidence, and to
believe the victim's version of events instead of Appellant's. ***See Luster***,
***supra*** at 1049. Thus, we agree with the PCRA court that Appellant's bald,
unsupported assertions that the victim was lying and that he was telling the
truth is not enough to establish that a post-trial weight claim would have
been meritorious and that he was prejudiced by counsel's decision not to file
such motion. (***See*** PCRA Ct. Op., at 7); ***see also McDermitt***, ***supra*** at
813. Appellant's argument is waived and would not merit relief.

Appellant next argues that trial counsel should have presented
evidence that the victim was withdrawing funds from a joint bank account
she shared with Appellant. (***See*** Appellant's Brief, at 20). This issue is
waived.

In his half-page argument on this issue, Appellant cites to general,
boilerplate law regarding ineffective assistance of counsel, and swiftly
concludes that his claim is meritorious, that counsel lacked a strategic basis

for not presenting the evidence, and that he was prejudiced by this omission. (**See id.**). However, he does not cite to any legal authority to support his specific claim that counsel was ineffective for failing to present evidence regarding the joint bank account, nor does he cite to the record. (**See id.**).

Our Supreme Court has "stress[ed] that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." **Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (citation omitted). Furthermore,

> [i]n an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a), 42 Pa.C.S.A. This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

**Commonwealth v. B.D.G.**, 959 A.2d 362, 371-72 (Pa. Super. 2008) (*en banc*) (case citations omitted); **see also** Pa.R.A.P. 2119(a)-(b). Therefore, Appellant has waived this argument.

In his final claim of ineffectiveness, Appellant argues that trial counsel was ineffective for waiving the thirty-day time limitation for the trial court to reconsider its order dismissing the case. (**See** Appellant's Brief, at 20-21; **see also Peeples**, **supra** at *2-3). Appellant maintains "[t]he trial court had lost jurisdiction to bring [him] to trial since thirty days had passed since

- 8 -

the case was dismissed under the speedy trial provisions." (*Id.* at 21).  He also points to the fact that "[t]here was no order filed of record rescinding or vacating the dismissal." (*Id.*).  This argument is waived and would not merit relief.

First, Appellant fails to develop this argument with citation to, or discussion of, pertinent legal authority.  He again merely cites to boilerplate law regarding the three prongs of the ineffectiveness test, and summarily concludes that counsel was ineffective.  Accordingly, he was waived this argument.  *See* Pa.R.A.P. 2119(a)-(b); *Chmiel*, *supra* at 1128.

Moreover, as discussed above, a panel of this Court on direct appeal already considered and rejected Appellant's underlying claim that the trial court lost jurisdiction to bring him to trial because more than thirty days had elapsed since its dismissal of the case and there was no order in the record memorializing the dismissal.  (*See Peeples*, *supra* at *1, *5-8; 3 n.3, *supra*).  The panel determined that the trial court did not lose jurisdiction to try Appellant, and the court had the inherent power to correct mistakes in the record.  (*See Peeples*, *supra* at *5-8).  Thus, we agree with the PCRA court's conclusion that "it is irrelevant that counsel had waived the thirty-day (30) period to reconsider.  It [was] within this [c]ourt's discretion and authority to reconsider." (PCRA Ct. Op., at 10).  Therefore, Appellant has failed to establish that his underlying claim has arguable merit or that he was prejudiced by counsel's action.  *See McDermitt*, *supra* at 813.

Appellant's final ineffectiveness argument is waived and would not merit relief.

In the second issue, Appellant contends that the PCRA court erred in denying his petition without holding an evidentiary hearing on his ineffective assistance of counsel claims. (*See* Appellant's Brief, at 15-16). We disagree.

It is well-settled "that a PCRA petitioner is not automatically entitled to an evidentiary hearing." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." *Id.* (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.
>
> [A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

*Id.* (citations and quotation marks omitted).

Here, it is apparent from the record that, although the PCRA court did not hold an evidentiary hearing, it carefully and thoroughly examined Appellant's ineffectiveness claims and concluded that they lacked merit.

(**See** PCRA Ct. Op., at 5-10). After reviewing Appellant's claims in light of the certified record, we discern no abuse of discretion in the PCRA court's decision to decline to hold a hearing. **See Miller**, 102 A.3d at 992. Therefore, the second issue does not merit relief. Accordingly, we affirm the court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judge Lazarus joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2016