J-S21007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERREL NOAKS | : | |
| | : | |
| Appellant | : | No. 348 WDA 2019 |

Appeal from the PCRA Order Entered February 19, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013737-2011

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 17, 2020**

Terrel Noaks appeals, *pro se*, from the order, entered in the Court of Common Pleas of Allegheny County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  Upon careful review, we affirm.

On February 4, 2014, a jury convicted Noaks of third-degree murder and firearms not to be carried without a license.  The charges stemmed from the shooting death of Antwan Leake on August 14, 2011.  This Court affirmed Noaks' judgment of sentence on August 25, 2017.  ***See Commonwealth v. Noaks***, 1994 WDA 2014 (Pa. Super. filed Aug. 25, 2017) (unpublished memorandum).  Our Supreme Court denied allowance of appeal on December 27, 2017.  ***See Commonwealth v. Noaks***, 176 A.3d 858 (Pa. 2017) (Table).

On June 27, 2018, Noaks filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[1] "no-merit" letter and motion to withdraw. On November 27, 2018, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. After receiving an extension from the court, Noaks filed a *pro se* Rule 907 response on February 6, 2019. That same day, the PCRA court granted counsel's request to withdraw and dismissed Noaks' petition. Noaks filed a timely notice of appeal followed by a Pa.R.A.P. 1925(b) court-ordered concise statement of errors complained of on appeal. Noaks raises the following issues for our review:[2]

> [1.] [Noaks'] right to due process and a fair trial were violated by the prosecution's misconduct in securing the testimony of key witnesses where said action was stripped of the essential adversarial nature of the criminal justice system by not declaring exception under hostile witness.
>
> [2.] The trial . . . court violated [Noaks'] state and federal due process rights by instructing the jury that [he] could be convicted of criminal homicide simply because [Noaks and his co-defendant

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] Noaks' statement of the questions presented sets forth the following single issue, *verbatim*: "Whether this *pro se* brief upon appeal from the PCRA court's February 6, 2019 final order [dismissal], merit redress is 'a question of exceptional circumstances and the laws'?" Brief of Appellant, at [2]. However, the argument portions of his brief raises the three issues we have listed above. Generally, issues that are not set forth in the statement of questions presented or reasonably suggested thereby are deemed waived. **See** Pa.R.A.P., Rule 2116(a). However, because our appellate review is not hampered by Noaks' failure to strictly comply with the Rules of Appellate Procedure, and in light of his *pro se* status, we will address his claims raised in his brief.

were] partners therefore they are responsible for each others['] actions.

[3.] Trial counsel ineffectively failed to obtain an independent ballistics evaluation of the cartridge cases, and the court erred in allowing the admissibility of a real Glock-model 27, S&W 40-caliber firearm in prejudice to [Noaks].

Brief of Appellant, at [8], [10] (reordered for ease of disposition).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.**

To be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence arose from one or more of the errors enumerated in the Act, **see** 42 Pa.C.S.A. § 9543(a)(2), and that the issues raised have not been previously litigated or waived. **See id.** at (a)(3). Here, Noaks' first and second claims, regarding alleged prosecutorial misconduct and trial court error in instructing the jury, could have been raised on direct appeal. Because he failed to do so, we find them waived. **See** 42 Pa.C.S. § 9543(a)(3); **see also Commonwealth v. Ford**, 809 A.2d 325 (Pa. 2002) (where claims of trial court error and prosecutorial misconduct could have been raised on direct appeal and were not, claims deemed waived under PCRA).

Noaks lastly asserts that trial counsel was ineffective for failing to obtain an expert ballistics report and for "allowing the admissibility" of demonstrative firearms evidence. Brief of Appellant, at [8]. Noaks' entire argument with respect this claim is as follows:

> Here, trial counsel was ineffective for failing to obtain and present a ballistic expert at trial, considering this was a case where the available ballistics raised but did not answer serious questions about the veracity of the Commonwealth's key prosecutorial police and expert witnesses and its theory of the case.

Brief of Appellant, at [9] (unnecessary capitalization omitted).

Pursuant to Pa.R.A.P. 2119, an appellant is required to support his argument with "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Here, Noaks neither identifies the "serious questions" that allegedly exist with regard to the testimony of the Commonwealth's witnesses, nor offers any citation to relevant authority that might be pertinent to his claim. "[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." *Commonwealth v. McDermitt*, 66 A.3d 810, 814 (Pa. Super. 2013). Because Noaks has failed to provide this Court with any developed advocacy on this issue, it must be deemed waived. *Commonwealth v. Baumhammers*, 92 A.3d 708, 744 (Pa. 2014).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2020